FIRST DIVISION 

March 20, 2000

No. 1-98-3946

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee, 

v.

GEORGE McCOMB,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

John J. Moran, Jr.,

Judge Presiding. 

PRESIDING JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Following a bench trial, defendant George McComb was convicted of armed robbery and sentenced to 10 years in prison.  On appeal, defendant contends that the State failed to prove him guilty beyond a reasonable doubt and that the court abused its discretion by imposing a 10-year prison sentence.

FACTS                

At trial, Sam Newton testified that on December 21, 1997, at about 11 a.m., he left a grocery store where he had just purchased beer and cigarettes, still carrying money in his hand.  He was putting the money back into his wallet when codefendant Michael McComb came up to him, asked him, "What are you looking for, old man?" and grabbed $150 from him.  Michael McComb then ran north on Michigan Avenue and Mr. Newton chased him.  Almost a block away, defendant, who appeared to have a gun in his right hand, stepped out of a car and asked 
Mr. Newton, "What you going to do now, * * *?"  Mr. Newton turned around and ran away, and the two men then fled in the car, with defendant driving.  Mr. Newton went back to the grocery store and wrote down the license plate number of the car, which he described as white, with a gray "prime" door on the driver's side.  He then went to the police station to report the robbery.

Mr. Newton left the station, went to another location with his cousin to pick up automobile body parts for his work, and then returned to the area to look for the offenders' white car.  Mr. Newton and his cousin saw the car on the corner where the grocery store was located and called the police.  When the police arrived, Mr. Newton and his cousin sat in the police car and waited for the offenders to return to their car.  After about 15 minutes, three men got into the car and started to drive down the block.  The police pulled the car over, and Mr. Newton identified defendant and codefendant Michael McComb as the men who robbed him.  The third man was not involved in the armed robbery.  Michael McComb and defendant George McComb are cousins.

Chicago police detective Milton Owens testified that he and Assistant State's Attorney Scaduto interviewed defendant after he was arrested.  Defendant gave a written statement in which he stated that he and codefendant saw Mr. Newton leave a liquor store on the morning in question.  Codefendant approached Mr. Newton.  Defendant indicated in his statement that the codefendant had a gun sticking out from his sleeve, he was pointing it at the man and took the man's money from his hand.  Defendant acted as a lookout.  Defendant indicated he was standing a few feet away from his codefendant and he was looking up and down Michigan Avenue for the police.  The defendant indicated in his statement that he had arranged with codefendant that he would call out a warning if he saw the police approach.  After codefendant had taken Mr. Newton's money, defendant and codefendant both ran down the street.  Codefendant got into a white car and fled, while defendant ran away through a gangway chased by Mr. Newton.  Defendant met codefendant later in an abandoned apartment to divide the money.  Codefendant gave defendant $50.

The parties stipulated that Chicago police officer Weatherly would testify that he prepared a report after Mr. Newton came to the police station on the day in question.  According to Weatherly's report, Mr. Newton stated that while he was trying to buy drugs at 71st
 and Michigan Avenue the offenders displayed a gun, took $150 from him, and fled.  On cross-

examination Mr. Newton denied telling this to Officer Weatherly.

At the sentencing hearing, the court considered the nature of the circumstances and the seriousness of the offense, as well as factors in aggravation and mitigation before imposing a term of 10 years in prison.  Defense counsel brought a motion for reconsideration of sentence, based on the fact that codefendant, who had earlier pleaded guilty, received a prison term of six years.  The court denied the motion, based on the different factual circumstances.  In sentencing, the court noted that defendant was on probation for a previous gun offense at the time he committed this offense, and stated that "[t]he inclination is for more, in terms of years," but found that a 10-year term was nonetheless appropriate.

On appeal, defendant contends that the State failed to prove him guilty beyond a reasonable doubt because it failed to prove the requisite elements of the offense.  Defendant contends that his conviction was based on a theory of accountability under which the facilitation of codefendant's escape was improperly considered as an element of the offense.  Defendant also argues it was an abuse of discretion to impose a 10-year imprisonment term.

ANALYSIS

In assessing whether the evidence against a defendant was sufficient to prove guilt beyond a reasonable doubt, a reviewing court must determine whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
People v. Taylor
, 186 Ill. 2d 439, 445 (1999).  Under this standard, a court of review may not reverse the guilty finding unless the evidence was so unreasonable, improbable, or unsatisfactory as to create a reasonable doubt of the defendant's guilt, and a court of review may not substitute its judgment for that of the trier of fact.
  People v. Furby
, 138 Ill. 2d 434, 455 (1990).    

In Illinois, a person is legally accountable for the conduct of another when, either before or during the commission of an offense and with the intent to promote or facilitate its commission, he solicits, aids, abets, agrees or attempts to aid the other in the planning or commission of the offense.  720 ILCS 5/5-2(c) (West 1998).  A defendant may be accountable for acts performed by another if defendant shared the criminal intent of the principal or if there was a common criminal plan or purpose.  
People v. Taylor
, 164 Ill. 2d 131 (1995). 

Under Illinois law, "A person intends, or acts intentionally or with intent, to accomplish a result or engage in conduct described by the statute defining the offense, when his conscious objective or purpose is to accomplish that result or engage in that conduct."  720 ILCS 5/4-4 (West 1998).  Some factors that may be considered in determining whether, based on the totality of the circumstances, defendant is accountable include: presence at the scene of the crime without dissociating oneself from the crime, acting as a lookout, flight from the crime scene, continued association with the perpetrator after the criminal act, failure to report the incident, and acceptance of illegal proceeds of the crime.  
People v. Harris
, 294 Ill. App. 3d 561 (1998). 

While mere presence at the scene of a crime is not enough to render one accountable for the crime, there is no requirement that a defendant actively participate in a crime in order to be found guilty of the offense under an accountability theory.  
People v. Taylor
, 164 Ill. 2d 131, 140 (1995).  Words of agreement to commit the offense are not required to establish a common purpose or design.  
Taylor
, 164 Ill. 2d at 141.   

In 
Taylor
, this court noted that active participation is not required to find a defendant guilty of a crime on an accountability theory.  
Taylor
, 164 Ill. 2d at 141.  The court recognized that Taylor did not have a weapon, did not plan to murder the victim, and did not provide any instruments in furtherance of the plan. 
 Taylor
, 164 Ill. 2d at 141.  However, before the shooting took place, the defendant was aware of the plan to kill the victim and went with the shooter to get another weapon.  He voluntarily stayed with the group during the commission of the crime, did not discourage or disapprove of the crime, fled when the police arrived and did not report the crime.  The 
Taylor
 court held that the trier of fact could rationally conclude that defendant was part of a common design to murder the victim to which he assented and was guilty of murder based upon a theory of accountability.  
Taylor
, 164 Ill. 2d at 142.  The court in 
Taylor
 noted that a common design can be inferred from circumstances surrounding the commission of the crime, including presence during the perpetration of the crime, maintaining a close affiliation with the co-perpetrators after the commission of the crime, and failure to report the crime.  
Taylor
, 164 Ill. 2d at 141.

Mere presence at the commission of the crime, even when joined with knowledge of its commission, is not sufficient to establish accountability.  
Taylor
, 164 Ill. 2d at 140.  "Unless the accomplice intends to aid the commission of a crime, no guilt will attach."  
People v. Shaw
, 186 Ill. 2d 301, 322 (1998).  Active participation has never been a requirement for the imposition of criminal guilt under a theory of accountability.  
People v. Ruiz
, 94 Ill. 2d 245, 254 (1982).  Moreover, one may aid and abet without actively participating in the overt criminal act.  
People v. Rybka
, 16 Ill. 2d 394, 405 (1959).  Accountability focuses on the degree of culpability of the offender and seeks to deter persons from intentionally aiding, abetting or encouraging the commission of offenses.  
People v. Dennis
, 181 Ill. 2d 87, 105 (1998). 

Defendant relies on 
People v. Dennis
, 181 Ill. 2d 87, 95 (1998), to support the argument that in this case the fact that defendant helped facilitate the codefendant's escape was not evidence of an intent to facilitate the commission of any element of the underlying offense of armed robbery.  In 
Dennis
, defendant did not know the armed robber had a gun or that he was planning to commit a robbery.  When the armed robber jumped back into defendant's car and told the defendant to drive away, the defendant thought a drug sale had gone bad. 
 Dennis
, 181 Ill. 2d at 91.  Unlike the defendant in this case, the
 defendant in 
Dennis
 had no idea that an armed robbery had occurred until he was driving from the scene.  Further, unlike 
Dennis
 the defendant here was involved in the armed robbery from the initial selection of the victim to the final act of receiving his share of the proceeds.  The defendant knew his codefendant had a gun and the defendant in planning the crime with the codefendant agreed to act as lookout.  In this case the defendant did more than merely facilitate the codefendant's escape.

The defendant here aided, abetted and facilitated the execution of the armed robbery.  Defendant saw Mr. Newton's currency sticking out of his wallet.  Defendant was serving as the lookout as his codefendant with a gun sticking out of his sleeve confronted Mr. Newton.  The prearranged signal for the approach of the police was for defendant to warn his codefendant by saying, "do-do."  Defendant stated that his codefendant had a gun protruding from his sleeve pointed at Mr. Newton and walked up to Mr. Newton demanding his property.  Defendant indicated that his codefendant grabbed the money, and ran to the car, while defendant ran through a gangway, with the victim chasing after him.  About half an hour later, defendant met with codefendant and split the proceeds from the robbery.  The victim's version differed slightly, including the fact that while the victim chased the codefendant, the defendant confronted the victim with a gun, however, based on the evidence in this record, the defendant is accountable.

Defendant argues that the record indicates only his presence at the scene of the crime and his aiding the codefendant's escape.  However, the evidence demonstrates that defendant acknowledged aiding and facilitating the armed robbery, by admitting to his role as lookout, as well as aiding the codefendant's escape, and receiving his share of the proceeds.  Acting as a lookout constitutes aiding and facilitating the commission of the offense.  
People v. Harris
, 294 Ill. App. 3d 561, 565 (1998).  Once the prosecution demonstrates that the defendant aided and facilitated the commission of the offense, then the defendant is legally responsible under a theory of accountability for the crime.  
People v. Houston
, 258 Ill. App. 3d 364 (1994).

The
 Illinois Supreme Court recently addressed the issue of accountability in 
People v. Perez
, No. 86376 (February 17, 2000), where the defendant was present during a gang-related shooting and then fled the scene.  Specifically, the court decided the issue of whether the defendant actually possessed the requisite intent to promote or facilitate the crime.  In 
Perez
, the defendant argued that he did not share the criminal intent of the principal and that the evidence did not show that he was engaged in a common criminal design.  The court noted that defendant's association with members of the Gangster Disciples did not necessarily mean that defendant had the motive or criminal intent to harm the victim, a rival gang member.  Defendant's presence at the time of the shooting and his subsequent flight alone were insufficient to render him legally accountable.  As such, the court held that defendant did not share the criminal intent of the principal.  
Perez
, slip op. at 10.

Perez
, however, is factually distinct from this case because we have evidence of more than mere presence and flight.  Defendant admitted that he acted as a lookout for the codefendant during the armed robbery.  Codefendant and defendant even discussed a prearranged warning in the event that the police arrived, which defendant acting as lookout was to use to alert the codefendant.  According to defendant's statement to the police, he and codefendant both observed the liquor store and then selected their victim.  They then acted in conjunction with each other to take the victim's money.  Codefendant walked up to the victim while defendant watched for signs of the police.  Finally, both defendant and codefendant escaped together and divided the proceeds.
  Thus, unlike the facts in 
Perez
, where the evidence at trial showed that the defendant was merely present at the time of the shooting and then fled, in the present case, defendant and codefendant together formulated and executed the plan to rob the victim.  

Defendant did more than simply facilitate the escape of himself and the codefendant, as he contends.  Defendant's role was to aid, abet and facilitate the armed robbery.  Whether defendant actually wielded the gun is not determinative under an accountability theory.  Moreover, even if defendant was only the lookout, as he claimed in his statement, that conduct was sufficient to establish defendant's accountability for the armed robbery.  
People v. Montes
, 192 Ill. App. 3d 874 (1989).  The record reveals that the evidence, considered in the light most favorable to the State, was sufficient to establish defendant's guilt.  
People v. Slim
, 127 Ill. 2d 302, 307 (1989).  Thus, despite defendant's claim otherwise, the evidence demonstrates that defendant aided and facilitated the successful execution of the armed robbery.
  Therefore, the elements of the crime are satisfied 
and there is no reason to disturb the judgment of the trial court.

Defendant also contends that the trial court abused its discretion by imposing a sentence of 10 years.  He argues that this term is not justified, particularly in light of the shorter sentence given to codefendant, who pleaded guilty.  Defendant also argues that the court did not adequately consider his youth or the possibility of his rehabilitation when it imposed a sentence of that length.

The trial court has broad discretionary powers in sentencing, and when the sentence imposed is within the statutory range, it may be disturbed by a reviewing court only if there was an abuse of discretion by the trial court.  
People v. Jones
, 168 Ill. 2d 367, 373-74 (1995).  However, absent an abuse of discretion, the sentence imposed by the trial court will be upheld by a reviewing court.  
People v. Perruquet
, 68 Ill. 2d 149, 156 (1977).  The sentencing range for the offense of armed robbery is 6 to 30 years in prison.  730 ILCS 5/5-8-1(a)(3) (West 1998).  

In the instant case, the trial court noted the circumstances which warranted a longer sentence for defendant than was warranted for the codefendant.  Here, the armed robbery occurred only eight months after defendant was convicted and placed on probation for unlawful use of a weapon.  Also, there was evidence that at some point the defendant threatened the victim with a gun in this case.  Therefore, the difference between defendant's 10-year sentence and the 6-year term imposed on codefendant reflected the different factors in each case and was justified because defendant and codefendant were not similarly situated.

A review of the record indicates that the court considered the proper factors in sentencing including the nature of the crime, protection of the public, deterrence and punishment as well as the defendant's youth and rehabilitative potential.  
People v. Whitehead
, 171 Ill. App. 3d 900, 908 (1988).  The court imposed a sentence that was well within the statutory range.  There was no abuse of discretion in the imposition of defendant's sentence.

For the foregoing reasons the defendant's conviction and sentence are affirmed. 

Affirmed.

RAKOWSKI and GALLAGHER, JJ., concur.