THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MAT-
THEW HALL, Defendant-Appellant.

First District (2nd Division)   No. 1—93—4480

Opinion filed June 30, 1995.

Rita A. Fry, Public Defender, of Chicago (Lester Finkle, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Barbara L. Jones, and Christine L. Kornak, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:

Following a jury trial, defendant Matthew Hall was convicted of aggravated battery of a child. He appeals from that conviction, questioning whether (1) he was proved guilty beyond a reasonable doubt of aggravated battery of a child; and (2) his sentence was excessive. For reasons which follow, we affirm.

At trial, Shirley Porter testified that, at approximately 4:30 p.m. on September 11, 1992, she was walking near the corner of Kilbourn and Wilcox in Chicago with three of her sons and noticed defendant, who lived in the neighborhood, sitting on a car. Two of Porter's sons were in front of her, and Jonathan, who was two years old, lagged behind as he stopped to open a candy wrapper. At this time, Porter heard a car speeding behind her and then heard sounds like firecrackers going off. The sounds were not unusual. She then heard someone shout "I been shot, I been shot." Porter turned around and saw Jonathan lying against a building with a wound to his head and blood running down his face. At a hospital, an operation was performed on Jonathan's head. He subsequently stayed at a rehabilitation center for several weeks, continued with outpatient therapy for four weeks, and then returned for surgery to remove a bullet from his leg. Jonathan was still undergoing speech therapy.

Oliver Conic, who was 13 years old at the time of trial, testified that he was leaving the grocery store at Kilbourn and Wilcox around the time of the shooting and saw defendant, whom he knew, and two others near a car. He also recognized Porter and Jonathan walking on the sidewalk. A black car then stopped in front of the car that defendant was working on, and the person inside the black car started shooting in defendant's direction. Defendant then ran 10 to 12 feet towards Jonathan, who was on the sidewalk, picked him up and held Jonathan's body so that the infant's body shielded defendant's face and chest as the shots were being fired. Defendant then laid Jonathan against the building and ran around the corner.

The State then introduced the testimony of Darlene Rich, which corroborated Conic's testimony and which defendant does not contest.

Dr. Terry Lichtor, a neurosurgeon, testified that he operated on Jonathan on September 11, 1992. Jonathan was in a deep coma when he was brought into the hospital. The bullet wounded the frontal lobe of the brain, which controls personality, some parts of speech and motor skills, and intelligence. He believed that the injuries could have permanent effects on Jonathan.

The parties stipulated that on September 11, 1992, defendant was over 18 years of age. The State rested. The circuit court denied defendant's motion for a directed verdict.

Detective Louis Trifilio testified for the defense. He was assigned to the investigation of this shooting on September 11, 1992. When he first saw defendant around 8 p.m. at the police station, defendant was not under arrest, but was held overnight. At approximately 1 a.m., he was charged with a misdemeanor. On September 12, 1992, Detective Trifilio spoke with Oliver Conic, who told him that defendant picked up Jonathan for protection during the shooting and ran with him. At approximately 5 p.m., after Detective Trifilio had spoken with Conic and Darlene Rich, defendant was charged with a felony.

Following closing arguments, the jury found defendant guilty of aggravated battery of a child. On November 5, 1993, the circuit court sentenced defendant to 10 years in custody of the Illinois Department of Corrections. Defendant timely filed a notice of appeal.

## I

Defendant's first contention is that he was not proved guilty beyond a reasonable doubt of aggravated battery of a child, and he makes two separate arguments to support this contention.

## A

Defendant first maintains that no legal theory or principle exists to render him culpable for the injuries sustained by Jonathan Williams. He states that he cannot be found guilty under the doctrine of accountability or the felony murder rule, and he was not the cause of Jonathan's injuries because he did not fire the gun and was merely trying to save his own life.

In considering a defendant's challenge to the sufficiency of the evidence, " 'the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) (*People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, quoting *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789.) On review, a criminal conviction will not be set aside on

grounds of insufficient evidence unless the proof is so improbable or unsatisfactory that there remains a reasonable doubt of defendant's guilt. *People v. Tye* (1990), 141 Ill. 2d 1, 13, 565 N.E.2d 931.

■ One may be found guilty of aggravated battery of a child if that person, age 18 years or older, intentionally or knowingly, and without legal justification and by any means, caused great bodily harm to any child under the age of 13 years. (720 ILCS 5/12—4.3 (West 1992).) Defendant's acts need not be the sole and immediate cause of the injury. (*People v. Brackett* (1987), 117 Ill. 2d 170, 176, 510 N.E.2d 877.) When criminal acts of defendant contribute to the crime, he or she may be found guilty of that crime. (*Brackett*, 117 Ill. 2d at 176.) Causal relationship is a question of fact which is left to the trier of fact. *Brackett*, 117 Ill. 2d at 177.

■ Although "cause" is not defined in the Criminal Code, it is generally recognized that both actual cause and "legal" cause (often called "proximate" cause) are needed to impose criminal liability. (W. LaFave & A. Scott, Substantive Criminal Law § 3.12, at 392 (1986 & Supp. 1995) (hereinafter LaFave & Scott).) This ordinarily means that (1) defendant's conduct must be the "but-for" cause of the forbidden result and (2) the forbidden result which actually occurs must be sufficiently similar to the result or manner which defendant intended, so that defendant fairly may be held responsible for the actual result although it differs from the intended result. LaFave & Scott at 392.

■ In the case *sub judice*, the evidence presented shows that when the occupants of the car opened fire on defendant, he ran 10 to 12 feet to Jonathan and picked him up. Defendant held Jonathan's body in front of his face and chest, thereby shielding himself from the fired bullets. Three or four more shots were fired while defendant held the infant in front of himself. Jonathan was shot in the head and in the leg.

With regard to the causation analysis, it is evident that "but for" defendant's actions, Jonathan would not have been placed in a position of danger—the direct line of fire—and would not have received the gunshot wounds. Jonathan was not next to defendant when the shooting commenced, as defendant had to run 10 to 12 feet towards him to pick him up. Defendant and his two friends, working on the car, patently were the intended targets of the shooting. There is no record evidence that any bystander other than Jonathan was shot. By putting Jonathan directly in the line of fire, the jury was authorized to find, defendant was the actual cause of Jonathan's injuries.

Similarly, defendant's conduct was the legal or proximate cause of Jonathan's injuries. Although defendant may not have intended that Jonathan be struck by the bullets, as he contends in his brief, it

is not unfair to hold defendant responsible for the actual result, given his cowardly and outrageous conduct. See *Pizano v. Superior Court* (1978), 21 Cal. 3d 128, 140, 577 P.2d 659, 665, 145 Cal. Rptr. 524, 530 (*en banc*) (holding that defendant's actions in using a hostage to shield himself proximately caused the hostage's death, although the gunshots were fired by a third party); *Wilson v. State* (1934), 188 Ark. 846, 68 S.W.2d 100; *Taylor v. State* (1900), 41 Tex. Crim. App. 564, 55 S.W. 961.

The jury's determination here regarding defendant's culpability was not so improbable that there remains a reasonable doubt of his guilt. Because defendant's conduct caused Jonathan's injuries, there is no need to address his arguments regarding the doctrine of accountability or the felony murder rule.

## B

Defendant next argues that the State failed to prove the requisite state of mind for the offense beyond a reasonable doubt, that is, that he intentionally or knowingly caused great bodily harm to Jonathan. He contends that, in the alternative, his offense should be reduced to reckless conduct.

The State counters that defendant was proved guilty beyond a reasonable doubt of aggravated battery of a child because he used Jonathan as a shield, knowing that his actions were practically certain to cause great bodily injury.

■ When an offense is defined in terms of a particular result, as is the aggravated battery of a child statute, a person is said to act knowingly when he is consciously aware that his conduct is practically certain to cause the result. (720 ILCS 5/4—5(b)(West 1992); *People v. Psichalinos* (1992), 229 Ill. App. 3d 1058, 1067, 594 N.E.2d 1374.) Whether a person acted knowingly with respect to bodily harm resulting from one's actions is, due to its very nature, often proved by circumstantial evidence, rather than by direct proof. *People v. Lovelace* (1993), 251 Ill. App. 3d 607, 620, 622 N.E.2d 859.

■ Here, the jury was authorized by the evidence to conclude defendant must have been aware that, by putting Jonathan between himself and the shooter and, thereby, into the line of fire, Jonathan was practically certain to get shot. Although defendant correctly argues that no evidence was introduced at trial revealing his state of mind at the time of the shooting, his actions were sufficient to show his intention to substitute the body of the child as protection against and avoidance of his own exposure to danger and, therefore, knowledge that great bodily harm was practically certain to follow. The State was not required to show that defendant was absolutely certain that Jonathan would be harmed by the gunfire.

There was sufficient evidence adduced here to support a finding of aggravated battery of a child beyond a reasonable doubt. In light of the reasonableness of the jury's verdict in this case, defendant's argument that his conviction should be reduced to reckless conduct is without merit.

## II

Defendant's final argument is that the circuit court abused its discretion in sentencing him to 10 years' imprisonment. He states that the sentence is excessive in light of his positive background and the circumstances surrounding his actions.

In fashioning appropriate sentences, the circuit court is in a far better position than a reviewing court because it can make a reasoned judgment based on firsthand consideration of factors such as defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. (*People v. Streit* (1991), 142 Ill. 2d 13, 566 N.E.2d 1351.) A sentence will not be disturbed on review unless it greatly diverges from the purpose and spirit of the law or is highly disproportionate to the nature of the offense. (*People v. Nelson* (1982), 106 Ill. App. 3d 838, 846, 436 N.E.2d 655.) Accordingly, the standard of review is whether the circuit court abused its discretion. *Nelson*, 106 Ill. App. 3d at 846.

In the instant case, the presentence investigation report indicates that defendant was 32 years old at the time of the offense and had a prior conviction for delivery of cannabis in 1982, for which he received 18 months' probation. Although he stopped attending high school in the eleventh grade, he entered the Job Corps in 1977 and received a certificate in auto mechanics. Since 1986, defendant had been employed as an auto mechanic, earning about $400 to $500 per week.

The circuit court also considered in mitigation that defendant was initially a potential victim in the shooting, he acted under provocation, he had no history of violent crimes, and he was not likely to commit other crimes in the future. In aggravation, the court considered that Jonathan has a permanent injury, defendant has a criminal record, there is a necessity to deter others from similar conduct in the future, and defendant's cowardly actions were "deplorable" and "so foreign as to be incomprehensible" to the court.

Aggravated battery of a child is punishable by a term between 5 and 30 years in prison. (720 ILCS 5/12—4.3(a) (West 1992).) In reaching its decision, the circuit court balanced defendant's prior status as a contributing member of society against the seriousness of the offense and sentenced defendant to 10 years' imprisonment.

The record indicates that the circuit court considered all relevant circumstances in fashioning the sentence and may well have sentenced defendant to a longer term in prison. There was no abuse of discretion in sentencing.

For the reasons set forth above, the conviction and sentencing of defendant must be affirmed.

Affirmed.

SCARIANO, P.J., and DiVITO, J., concur.