Docket No. 85907–Agenda 4–March 1999.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. 

 TORY R. TAYLOR, Appellant.

Opinion filed May 20, 1999.

CHIEF JUSTICE FREEMAN delivered the opinion of the court:

Defendant, Tory R. Taylor, was convicted in the circuit court of Winnebago County of aggravated discharge of a firearm (720 ILCS 5/24–1.2(a) (West 1994)) under the theory of accountability (720 ILCS 5/5–2 (West 1994)). The appellate court affirmed the conviction (287 Ill. App. 3d 254), and defendant sought leave to appeal to this court. In denying defendant’s petition for leave to appeal, this court exercised its supervisory authority and directed the appellate court to vacate its judgment and to reconsider the cause in light of our opinion in 
People v. Dennis
, 181 Ill. 2d 87 (1998). On remand, the appellate court entered an order pursuant to Supreme Court Rule 23(b) (166 Ill. 2d R. 23(b)) once again affirming defendant’s conviction. We allowed defendant’s subsequent petition for leave to appeal (177 Ill. 2d R. 315(a)) and now reverse the judgments of the appellate and circuit courts.

BACKGROUND

This case arose from a traffic altercation on August 28, 1993, in Rockford, Illinois. Defendant, who was 15 years old at the time, was driving an automobile accompanied by his friend, Lynn Hollingshed. Witnesses testified that defendant was the driver of the vehicle and that Hollingshed was a passenger sitting in the front seat. Defendant testified that, while driving, Hollingshed showed him a .25-caliber handgun that he had pulled out of his pocket. At approximately 7:30 p.m., defendant turned from a large street onto a two-lane, two-way side street.

At the same time, Edward Dawson, his wife Alta, and a friend were traveling on the same side street. Vehicles were parked on both sides of the street, diminishing the lane sizes. Defendant turned onto that street as Edward was approaching the intersection. The accounts of the incident vary beyond these facts. Edward and Alta testified that defendant’s vehicle came quickly around the corner, partially occupied both lanes, and forced their vehicle close to a parked car. Defendant testified that the street was too narrow for both automobiles to pass and that he stopped his car and backed it up to allow the other vehicle to pass.

Edward and Alta testified that they exited their vehicle to look for damage done to it or any parked cars. They stated that Hollingshed then exited defendant’s vehicle and that Edward asked whether the young man had a “problem.” Defendant testified that, as Edward drove past, Edward directed the racial remark, “You got a problem you fu*** n***?” at defendant and Hollingshed. Both Edward and Alta testified that Hollingshed had a small, black machine gun in his left hand and that, when asked if he had a problem, Hollingshed responded, “Yes, I got a fu*** problem, white boy.” According to the Dawsons, Hollingshed then removed a small handgun and fired it in Edward’s direction. Defendant testified that the shot was fired upward, while Edward testified that the bullet “whizzed” past his ear. Edward testified that he jumped back into his automobile as another bullet was immediately fired. Alta, who had also exited the vehicle, stated that she abruptly reentered the car and wrote down the license plate number of defendant’s vehicle. Defendant and the Dawsons testified that Hollingshed then reentered defendant’s automobile and that defendant drove from the scene. The Dawsons then proceeded to the closest service station and called the police.

Defendant testified that Hollingshed was the shooter. According to defendant, Hollingshed was angered by Edward’s racial slur and had told defendant to stop the vehicle. Defendant stated that Hollingshed did not indicate why he wanted him to stop the car, nor did he give defendant any reason for exiting the car. Defendant testified that Hollingshed jumped out of the automobile, yelled back at Edward, and quickly fired two shots into the air in Edward’s general direction. Defendant further testified that he was startled when the first shot rang out and that, after immediately firing a second shot in the air, Hollingshed came back to defendant’s car. Defendant asked Hollingshed why he fired the shots, but received no response from him. Defendant then drove from the scene.

Defendant was arrested and later charged with aggravated discharge of a firearm. Defendant was subsequently convicted of that offense under the theory of accountability, and he appealed to the appellate court. The appellate court affirmed, and defendant petitioned this court for leave to appeal. We denied defendant’s petition, but, under our supervisory authority, directed the appellate court to vacate its judgment affirming defendant’s conviction and to reconsider the action in light of our decision in 
Dennis
, 181 Ill. 2d 87. Upon reconsideration, the appellate court once again affirmed defendant’s conviction, reasoning that, because defendant knew of Hollingshed’s prior possession of a gun and became aware of the aggravated discharge of a firearm offense during its commission, a rational trier of fact could have concluded beyond a reasonable doubt that defendant formed the requisite intent to aid Hollingshed.

Defendant once again filed a petition for leave to appeal to this court. We allowed defendant’s petition and now reverse the judgment of the appellate court.

ANALYSIS

The issue in the present appeal is whether there was sufficient evidence to convict defendant under accountability on the ground that he facilitated the commission of aggravated discharge of a firearm by providing Hollingshed with an escape from the scene of the incident. Defendant contends that, in light of 
Dennis
, he was not proven guilty beyond a reasonable doubt of aggravated discharge of a firearm under the theory of accountability and that the appellate court erred in basing its affirmance on its conclusory determination that defendant simply could have “formed the intent to aid his passenger.” We agree.

In assessing whether the evidence against a defendant was sufficient to prove guilt beyond a reasonable doubt, a reviewing court must determine whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See 
People v. Batchelor
, 171 Ill. 2d 367, 376 (1996); 
People v. Kitchen
, 159 Ill. 2d 1, 25 (1994); 
People v. Furby
, 138 Ill. 2d 434, 455 (1990), quoting 
People v. Collins
, 106 Ill. 2d 237, 261 (1985). A defendant’s conviction should not be set aside on grounds of insufficient evidence unless the proof is so improbable or unsatisfactory that a reasonable doubt exists about the defendant’s guilt. 
Furby
, 138 Ill. 2d at 455; 
Collins
, 106 Ill. 2d at 261.

The Illinois statute on accountability states, in relevant part, that a defendant is legally accountable for the actions of another when:

“(c) Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense.” 720 ILCS 5/5–2(c) (West 1994).

Consequently, in order to hold defendant accountable for aggravated discharge of a firearm, defendant must have, with the requisite intent, aided or abetted Hollingshed prior to or during the commission of the offense.

Importantly, this court addressed the scope of the accountability statute in 
Dennis
, concluding that:

“for purposes of accountability, the duration of the commission of an offense is defined by the elements of the offense *** [and that,] [c]onsistent with our accountability statute, a defendant may be held accountable for the commission of [an offense] if, either before or during the commission of the offense, he 
aided or abetted
 [an offender] 
in ‘conduct which is an element of [the] offense.
’ ” (Emphasis added.) 
Dennis
, 181 Ill. 2d at 101.

This court further determined in 
Dennis
 that:

“A person who forms the intent to facilitate an escape only after [the offense] has occurred can neither aid nor facilitate the conduct which is an element of [the offense]. That person is less culpable than the perpetrator and his action serves merely to impede apprehension of the perpetrator. This separate offense is subject to penalization under the current version of our ‘accessory-after-the-fact’ provision. See 720 ILCS 5/31–5 (West 1994).” 
Dennis
, 181 Ill. 2d at 104.

Significantly, we observe that a person may not be held accountable for a crime merely for being present, even when that person knows that a crime is being committed. 
Batchelor
, 171 Ill. 2d at 375-76; 
People v. Taylor
, 164 Ill. 2d 131, 140 (1995); 
People v. Reid
, 136 Ill. 2d 27, 61 (1990). Similarly, a person generally will not be deemed accountable for acquiescing to the criminal activities of another. 
People v. Hobbs
, 400 Ill. 143 (1948); 
People v. Powers
, 293 Ill. 600 (1920); 
People v. Miscichowski
, 143 Ill. App. 3d 646 (1986).

In the present appeal, defendant argues that the appellate court erred in reaffirming his conviction in spite of this court’s holding in 
Dennis
, 181 Ill. 2d 87. In 
Dennis
, the defendant was charged under accountability with armed robbery for driving the “getaway” car for a friend who had just completed an armed robbery. The defendant in that case had no knowledge of his friend’s plan of robbery and did not learn of the robbery until after he began driving the friend away from the scene of the robbery. This court reversed the defendant’s conviction, reasoning that the defendant’s facilitation of the perpetrator’s escape amounted to neither a facilitation of nor an intent to facilitate the commission of any element of the underlying offense. 
Dennis
, 181 Ill. 2d at 103-04.

We find 
Dennis
 to be instructive in the case at bar. As was the case in 
Dennis
, it is uncontroverted that defendant in this matter had no knowledge of his passenger’s intentions upon exiting defendant’s vehicle. Immediately after the traffic incident, defendant merely stopped his car upon Hollingshed’s demand. As the State concedes, defendant did not know that Hollingshed was about to discharge his firearm after the traffic altercation. Moreover, as in 
Dennis
, defendant’s actions were merely directed at effectuating an escape and not at promoting the commission of an offense.

It is the State’s position, however, that, by the mere fact that defendant knew of Hollingshed’s possession of a firearm that day, defendant knew that a crime was going to be committed after the traffic incident. The State further argues that the jury could have concluded that defendant “formed the intent to aid his passenger” during the minute period of time between the first and second shots fired by Hollingshed. The State supports this contention with the fact that defendant did not leave the scene of the offense before the second shot was fired. Based on these arguments, the State contends that defendant satisfied the test for accountability in that, during the commission of the offense, he intentionally aided Hollingshed by providing a means of escape from the scene. In our opinion, the State’s reasoning is unpersuasive.

As this court emphasized in 
Dennis
, in order to convict a defendant under accountability, the State must show that the defendant, either before or during the commission of the offense, intentionally aided or abetted an offender in conduct that constitutes an element of the offense. 
Dennis
, 181 Ill. 2d at 101. In the present case, the elements of the offense of aggravated discharge of a firearm are (1) the knowing or intentional discharge of a firearm (2) in the direction of another person.720 ILCS 5/24–1.2(a)(2) (West 1994). In this case, defendant neither had knowledge that Hollingshed intended to fire his gun upon exiting the vehicle nor made any effort to aid Hollingshed in the discharge of the weapon. Furthermore, there is no evidence that defendant knew of, or facilitated, the shooting in the direction of the Dawsons. In accordance with 
Dennis
, therefore, we conclude that, despite the deference given to the State on review, no rational trier of fact could have found beyond a reasonable doubt that defendant, either before or during the commission of the offense, aided or abetted Hollingshed in the commission of any element of the offense of aggravated discharge of a firearm.

The State’s additional arguments concerning defendant’s intent are equally unavailing. Firstly, defendant’s knowledge of Hollingshed’s possession of a firearm on the day of the incident cannot satisfy the element in accountability requiring specific intent to promote or facilitate an offense. The fact that defendant was involved in an unforeseeable, spontaneous traffic altercation militates heavily against any notion that he somehow had knowledge of Hollingshed’s intentions once defendant’s vehicle came to a halt and Hollingshed exited. Moreover, we are not convinced by the State’s reasoning that, before Hollingshed’s second shot, defendant may have formed the intent to aid his passenger by deciding to remain at the scene and provide a means of escape for his friend. Even assuming that the evidence could support this inference of intent, we reiterate the principle stressed in 
Dennis
: that guilt under accountability is not supported where one merely facilitates the escape of an offender and neither intends to facilitate nor aids or attempts to aid the offender in the commission of any element of the offense. 
Dennis
, 181 Ill. 2d at 103-04; see also 
In re D.C.
, 259 Ill. App. 3d 637 (1994). Furthermore, as this court recently stressed in 
People v. Shaw
, No. 80378, slip op. at 15 (October 22, 1998), “[p]resence at the commission of the crime, even when joined with flight from the crime or knowledge of its commission, is not sufficient to establish accountability. 
Dennis
, 181 Ill. 2d at 108.” See also 
Furby
, 138 Ill. 2d at 456 (mere presence at scene of offense is not sufficient to sustain conviction under accountability theory); 
People v. Reid
, 136 Ill. 2d 27, 61 (1990) (same); 
People v. Ruiz
, 94 Ill. 2d 245, 256 (1982) (same).

Escape is not an element of aggravated discharge of a firearm, and it is uncontested that defendant did not facilitate, or intend to facilitate, the commission of any element of that offense. Defendant’s intent to facilitate an escape–even if it occurred during the commission of the offense–did not amount to both an intent to facilitate as well as an actual attempt to aid in the commission of any conduct constituting an element of aggravated discharge of a firearm. Instead, defendant’s possible intent to effectuate Hollingshed’s flight from the scene related solely to defendant’s involvement with Hollingshed’s escape and not to any element of the firearm offense. See 
Shaw
, slip op. at 14 (“Unless the accomplice 
intends
 to aid the commission of a crime, no guilt will attach” (emphasis in original)), citing 
Dennis
, 181 Ill. 2d at 105. Accordingly, we hold that the appellate court erred in concluding that there was sufficient evidence upon which a jury could have based defendant’s conviction for aggravated discharge of a firearm under the theory of accountability.

CONCLUSION

For the aforementioned reasons, we reverse the judgments of the appellate and circuit courts.

Judgments reversed
.