Docket No. 88224–Agenda 35–May 2000.

 THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.

 LAWRENCE CARTER, Appellant.

JUSTICE MILLER delivered the opinion of the court:

Following a jury trial in the circuit court of Vermilion County, the defendant, Lawrence Carter, was convicted of driving with a suspended license and of operating an uninsured vehicle and was acquitted of illegal transportation of alcohol. The defendant filed a post-trial motion, seeking a judgment of acquittal notwithstanding the verdict, or, in the alternative, a new trial, with regard to the conviction for driving with a suspended license. At a hearing, the court orally granted the defendant’s motion for judgment notwithstanding the verdict and directed the public defender to prepare an appropriate order. The next day, however, the judge 
sua sponte
 vacated the judgment of acquittal notwithstanding the verdict and ordered a new trial on the charge of driving with a suspended license.

The defendant filed a motion to bar the new trial, arguing that the court’s order violated the double jeopardy clauses of the federal and state constitutions (U.S. Const., amend. V; Ill. Const. 1970, art. I, §10). The trial judge denied the motion. The defendant then appealed, and the appellate court affirmed the circuit court. 306 Ill. App. 3d 867. We allowed the defendant’s petition for leave to appeal. 177 Ill. 2d R. 315(a). For the reasons that follow, we reverse the judgments of the appellate court and the circuit court.

The defendant was stopped and ticketed on December 2, 1997, for driving with a suspended license, among other offenses. During the defendant’s trial, in May 1998, Danville police officer Nathan Howie testified that he stopped the defendant’s vehicle because he believed that the defendant’s driver’s license had been suspended. Officer Howie further testified that when he asked the defendant for identification and for an insurance card, the defendant was not able to produce either one. The officer then asked the defendant for his full name and date of birth. The officer testified that after receiving information regarding defendant from his communication center, he arrested the defendant for driving with a suspended license.

After the officer testified, the State sought to admit into evidence an abstract of the defendant’s driving record. Defense counsel objected on the ground that the document was hearsay because it was not a certified copy of the abstract, as required by statute. The trial judge sustained the objection, and the State rested. The defendant then moved for a directed verdict, arguing that the evidence was not sufficient to establish the offense of driving with a suspended license. The court denied the defendant’s motion, explaining that the elements of the offense were shown by the officer’s testimony that he believed that the defendant’s license had been suspended.

The defendant testified that he has diabetes. According to the defendant, on the day he was stopped by the police, he became ill and needed to go to the hospital because he did not have any insulin at home. The defendant said that he first attempted to telephone two friends and a taxi company to obtain a ride to the hospital. His condition worsened, however, and he then decided to drive himself.

The trial judge denied the defendant’s request that the jury be instructed on the defense of necessity. The jury found the defendant guilty of driving with a suspended license, as well as of another offense, operating an uninsured vehicle; the jury found the defendant not guilty of a third charge, the illegal transportation of alcohol. The defendant filed a post-trial motion, seeking a judgment of acquittal notwithstanding the verdict with regard to the conviction for driving with a suspended license, or, in the alternative, a new trial on that charge.

At a hearing on June 4, 1998, the trial court granted the defendant’s motion for a judgment of acquittal notwithstanding the verdict on the charge of driving with a suspended license. The judge found that insufficient evidence existed to support a conviction for that offense. The docket entry from that date states, in pertinent part:

“Judgment of acquittal is entered as to the charge of DAS [driving after license suspension]. Written order to follow from PD Scott Lerner.”

The next day, June 5, the public defender presented to the court a written order memorializing the previous day’s ruling. The judge agreed that the proposed order reflected the view he had expressed the previous day. The judge, however, 
sua sponte
 vacated the judgment of acquittal notwithstanding the verdict. The judge explained that the driving abstract, issued by the Secretary of State’s office, had appeared in a new format unfamiliar to him, leading him to erroneously exclude it from evidence. The judge found that without the driving abstract there was insufficient evidence to support the defendant’s conviction for driving with a suspended license. The judge stated that, in an attempt to correct his erroneous evidentiary ruling excluding the abstract, he was going to allow the defendant’s motion for a new trial. The defendant objected to the new trial on grounds of double jeopardy, but the judge denied the defendant’s motion to preclude retrial on that ground.

The defendant appealed, and the appellate court affirmed. The appellate court believed that retrial would not subject the defendant to double jeopardy. The court construed the trial judge’s actions here as indicating that the judge believed “that the jury’s verdict was merely against the weight of the evidence.” 306 Ill. App. 3d at 873. The appellate court concluded that the new trial was not barred by double jeopardy, and in support of that proposition cited 
Tibbs v. Florida,
 457 U.S. 31, 72 L. Ed. 2d 652, 102 S. Ct. 2211 (1982), which held that retrial may occur if a reviewing court determines that a conviction is not supported by the weight of the evidence, rather than the sufficiency of the evidence. We allowed the defendant’s petition for leave to appeal. 177 Ill. 2d R. 315(a).

The defendant renews here his argument that retrial in this case would violate the double jeopardy provisions of the federal and state constitutions. In support of this contention, the defendant cites 
Sanabria v. United States
, 437 U.S. 54, 57 L. Ed. 2d 43, 98 S. Ct. 2170 (1978), which held that a judgment of acquittal stemming from an evidentiary ruling, however erroneous, bars further prosecution on any aspect of the charge. Further, the defendant argues that the trial judge could not reconsider his decision to enter judgment notwithstanding the verdict. In support of that proposition, he refers to this court’s opinion in 
People v. Van Cleve
, 89 Ill. 2d 298 (1982), which ruled that article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, §6) prohibits the State from appealing a trial court’s decision to enter a judgment of acquittal notwithstanding a guilty verdict. In response, the State contends that the trial judge had the authority to reconsider his decision to correct the erroneous evidentiary ruling without putting the defendant twice in jeopardy. The State also contends that the evidence was sufficient to sustain the defendant’s conviction for driving with a suspended license, and the State suggests that the proper course in this case is simply to reinstate the jury’s verdict of guilt on that charge.

At the outset, we reject the State’s invitation to determine whether the evidence presented at trial was sufficient to sustain the defendant’s conviction for driving with a suspended license and, if it was, to reinstate the jury’s verdict on that charge. We believe that our consideration of that question would be inconsistent with our decision in 
Van Cleve
, which held that the State may not appeal from a judgment of acquittal notwithstanding the verdict. The 
Van Cleve 
court based its holding on a provision in article VI, section 6, of the Illinois Constitution, which states that “after a trial on the merits in a criminal case, there shall be no appeal from a judgment of acquittal.” Ill. Const. 1970, art. VI, §6. Although there is no double jeopardy bar to an appeal by the State from a judgment of acquittal notwithstanding the verdict (see 
Smalis v. Pennsylvania
, 476 U.S. 140, 145 n.8, 90 L. Ed. 2d 116, 122 n.8, 106 S. Ct. 1745, 1749 n.8 (1986); 
United States v. Wilson
, 420 U.S. 332, 43 L. Ed. 2d 232, 95 S. Ct. 1013 (1975)), article VI, section 6, separately prohibits such review. We recognize that in this case the question comes before us as a result of the defendant’s appeal from the order of the circuit court denying his motion to bar retrial. We believe, however, that our consideration of the issue would be tantamount to hearing it in violation of the rule announced in 
Van Cleve
, and therefore we do not believe that the question is properly before us.

 Because of our resolution of the question whether the trial judge could order a new trial under the circumstances here, we need not decide whether the judge had the authority to reconsider his order granting a judgment of acquittal notwithstanding the verdict. We would note that the authority barring this court’s review of a judgment of acquittal in those circumstances would not appear by itself to preclude the trial judge from reconsidering such an order. But whether or not the trial judge could reconsider the entry of the judgment of acquittal notwithstanding the verdict, the order entered by the judge on reconsideration–ordering a new trial to correct an evidentiary ruling unfavorable to the prosecution–was improper. Having found the evidence of the defendant’s guilt insufficient, the trial judge could not order a new trial to correct what he perceived to be the error in his ruling at trial barring part of the State’s evidence. Retrying the defendant on the charge of driving with a suspended license a second time would improperly subject defendant to double jeopardy. The fifth amendment to the United States Constitution provides that no person shall “be subject for the same offense to be twice put in jeopardy of life or limb.” U.S. Const., amend. V. Article I, section 10, of the Illinois Constitution similarly provides, in part, that no person shall “be twice put in jeopardy for the same offense.” Ill. Const. 1970, art. I, §10.

Unlike the appellate court, we believe that the trial judge in this case determined that, in the absence of the driving abstract, there was not sufficient evidence to sustain the defendant’s conviction for driving with a suspended license. Here, the trial judge entered the judgment of acquittal notwithstanding the verdict, acknowledging that without the admission of the defendant’s driving abstract insufficient evidence existed to support a charge of driving with a suspended license. See 
Van Cleve
, 89 Ill. 2d at 303 (“judgment notwithstanding the verdict entered by a judge who theretofore denied a motion for a directed verdict is often regarded as a reconsideration of the order of denial”). The judge later vacated his judgment of acquittal and then granted the defendant’s motion for a new trial, stating that his error in excluding the defendant’s driving abstract had caused substantial inequity to the State.

We believe that the present case is similar to 
Sanabria v. United States
, 437 U.S. 54, 57 L. Ed. 2d 43, 98 S. Ct. 2170 (1978), cited by the defendant. In 
Sanabria
, the trial court made an erroneous evidentiary ruling that resulted in the presentation of insufficient evidence of the offense charged. At the close of the prosecution’s case, defense counsel made a motion for a judgment of acquittal, which was denied. Defense counsel next moved to exclude evidence, and the court also denied that motion. Later, however, the judge 
sua sponte
 reconsidered its ruling on the motion to exclude evidence. Defense counsel then made a second motion for judgment of acquittal, which the trial judge granted. 
Sanabria
, 437 U.S. at 58-60, 57 L. Ed. 2d at 50-51, 98 S. Ct. at 2176. The government appealed, and the court of appeals ordered a new trial. The Supreme Court reversed. The Court concluded, “[W]hen a defendant has been acquitted at trial he may not be retried on the same offense, even if the legal rulings underlying the acquittal were erroneous.” 
Sanabria
, 437 U.S. at 64, 57 L. Ed. 2d at 54, 98 S. Ct. at 2179. As this court explained in 
People v. Mink
, 141 Ill. 2d 163, 174 (1990), “The trial court could not give the State a second opportunity to supply evidence which it failed to muster in the first proceeding.” Yet that is what the trial judge attempted to do in this case. Thus, we conclude that the trial judge was barred by principles of double jeopardy from subjecting the defendant to a second trial as a means of correcting the erroneous exclusion of the State’s evidence at the first trial.

For the reasons stated, the judgments of the appellate court and circuit court are reversed. The cause is remanded to the circuit court of Vermilion County so that the court may reinstate its judgment of acquittal notwithstanding the verdict on the defendant’s conviction for driving with a suspended license.

Judgments reversed;

cause remanded.