THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JERRY ALLEN, Defendant-Appellant.

First District (4th Division)   No. 1—02—1883

Opinion filed December 11, 2003.—Rehearing denied January 13, 2004.

Rita A. Fry, Public Defender, of Chicago (Andrea Monsesse, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Veronica Calderon Malavia, and Michael Deno, Assistant State's Attorney, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:

The circuit court convicted defendant, Jerry Allen, of aggravated discharge of a firearm and unlawful use of a weapon by a felon. He was sentenced to seven years in custody of the Illinois Department of Corrections. Defendant appeals, raising as issues whether (1) his conviction for aggravated discharge of a firearm was barred by double jeopardy where the court ambiguously found him not guilty, then clarified its ruling, finding him guilty of the offense; (2) he was proved guilty of aggravated discharge of a firearm beyond a reasonable doubt; and (3) the court abused its discretion in sentencing him to seven years' imprisonment.

On March 11, 2001, Gloria Rainge and Cortez Mukes drove to 73rd and Stewart Streets looking for Rainge's girlfriend, Candace Lewis. Rainge testified for the prosecution that as she was parking her car, defendant drove right by them and she waved at him. Mukes believed defendant tried to hit him with his car. Rainge went into the apartment building where she formerly lived with Lewis to find her. She went to the apartment of Lewis's friend, who directed her to defendant's home. While Mukes waited outside, Rainge visited defendant, whom she knew, and asked him whether he had seen Lewis, explaining that others told her Lewis might be there. Defendant denied knowing Lewis's whereabouts and called Rainge names. Rainge and Mukes got back in their car and drove about one-half block away when Mukes told Rainge to pull over so he could talk to some girls. As Mukes was speaking with the girls, defendant pulled up alongside in his car and summoned Mukes over to him. Mukes walked to defendant's car, exchanged words with him and punched him in the face. Mukes returned to Rainge's car and told her to drive away.

Defendant then moved his car so that both cars were facing each other, exited his car and walked to the front of Rainge's car. Rainge saw defendant had a gun aimed at her car. She and Mukes exited and ran behind the car. As defendant fired two shots at the car, Rainge asked him why. Defendant fired a third time. She and Mukes ran to safety. Police stopped defendant, allowing Rainge and Mukes to return to their car and drive away. Police later took Rainge and Mukes to police headquarters. Mukes testified for the State but did not remember the incidents from that day and denied being with Rainge.

Police officer S. Morris testified for the State that as he was patrolling the area, he and his partner heard two or three gunshots about a

block away, prompting them to drive in that direction. At 73rd Street, Morris observed a car speeding in reverse, in the wrong direction down a one-way street until it backed up into an intersection, then drove forward onto a westbound street. Morris activated his emergency signals and pulled defendant over. The officers exited their vehicle with weapons drawn and commanded defendant to exit his car, which he did. Defendant said, "I shot at them and the gun is in the car." Morris arrested defendant and his partner recovered from defendant's car a bluesteel revolver, containing three live rounds, two fired rounds and one struck, but unfired round. Shortly afterward, other officers stopped Rainge and Mukes as they fled the scene. Police found a bullet hole in the lower front windshield of Rainge's car. The bullet was recovered from the dashboard and inventoried. At the police station defendant told Morris he bought the gun a couple months before for $30 from a drug addict. Morris did not remember whether defendant told him he fired at the car to "make some noise."

The State's final witness was Detective John Forester, who met with defendant at the police station the night after his arrest. Defendant told Forester that Mukes punched him in the face and he became upset, went home, retrieved his gun, put it in his waistband and drove around to look for Mukes. Defendant found Mukes with Rainge and discharged his gun at Rainge's car while the two fled through a vacant lot. Forester met with defendant a second time that evening and was told essentially the same story, except this time he said that he was shooting at Rainge and Mukes. Mukes told Forester that he first encountered defendant while crossing the street and defendant drove by him, almost hitting him. Mukes put his hand on defendant's car and the two had a verbal confrontation. Mukes saw defendant again when he and Rainge stopped to talk with the girls.

The State rested and defendant moved for a finding of not guilty. The court granted the motion on all counts except for count V, aggravated discharge of a firearm as to Rainge. The State's motion to reopen the proofs, offering into evidence a certified copy of defendant's prior murder conviction from October of 1974, was allowed over defense counsel's objection. All counts were then discharged, except counts V, XI and XII, the latter involving unlawful use of a weapon by a felon. Defense counsel asked the court, "[s]o you're reversing yourself," to which the court replied, "[r]ight. Based on allowing the State to bring in a certified copy of conviction with regard to the felony conviction." The defense rested and the court heard closing arguments, in which the only issue argued was whether defendant fired in the direction of Rainge. The court stated its findings:

"Based on the evidence presented, again considering only the

proper evidence presented, it's pretty clear to me that Miss Rainge was right in the area of the car when the car was struck with the bullet, just apparently a car length away when shots were fired. Now, with regard to the aggravated discharge of a firearm, finding of not guilty. According to the testimony given, I have no idea where Mr. Mukes was, again, that was a finding of not guilty."

The court also found defendant guilty of unlawful use of a weapon by a felon.

Before the posttrial hearing began, the court addressed the parties, stating:

"I just want the record to reflect that the defendant was found guilty of three counts. Finding guilty of aggravated discharge of a firearm was count five, and also a finding of guilty of unlawful use of a weapon by a felon as to [the] last two counts[,] which would be[,] I believe[,] counts eleven and twelve, although reviewing the transcript it doesn't really make [it] clear. But I just want the record to reflect that the defendant was found guilty of count five, aggravated discharge of a firearm in regards to Gloria Rainge. As to count six with regard to aggravated discharge of a firearm with regard to Mr. [Mukes,] he was found not guilty."

Defense counsel moved for a new trial, arguing that defendant had been acquitted previously for unlawful use of a weapon by a felon (counts XI and XII) when the circuit court ruled on defendant's motion for a finding of not guilty. The court's subsequent finding of guilt, counsel stated, was improper based on double jeopardy. The court justified its decision to reopen the proofs, telling the parties that it was "a matter of seconds" after he directed the counts out when the State asked to introduce defendant's prior murder conviction due to an oversight. The court believed defendant was neither prejudiced nor surprised, since he was notified that the State would introduce the conviction, and it was within the sound discretion of the court whether or not to reopen the proofs.

During the sentencing hearing, defendant's brother, Thomas Allen, in mitigation stated that since defendant was released from prison, he has been taking care of his disabled son and working for his landlord, William Cheatem, as a property manager, janitor and repairman. The State argued in aggravation that defendant cut off the victims' means of escape; fired toward Rainge in close proximity; and, although his conviction is 30 years old, he did commit murder.

Defense counsel argued that defendant was provoked when Mukes punched him in the face, he has not been in trouble since his release from prison, and has been a responsible father. In sentencing defendant, the court stated, "considering the [evidence in] aggravation and mitigation, arguments of the parties, I have reviewed the pre-

sentence investigation, the defendant has been released from the penitentiary since 1983. And that's been almost twenty years. He hasn't had any problems with the law since then. He was a young man at the time." The court sentenced defendant to seven years on his conviction for aggravated discharge of a firearm, and five years each on two counts of unlawful use of a weapon by a felon, to be served concurrently.

## I

■ Defendant first argues the counts upon which he was convicted were discharged by the court, thereby having been ruled upon in violation of double jeopardy principles. Defendant asserts the counts for unlawful use of a weapon by a felon (counts XI and XII) were directed out by the court in response to his motion for a finding of not guilty, which became effective when announced, and that "it may not be withdrawn by the trial court even if erroneously granted, irrespective of whether the ruling is based upon a mistake of fact or mistake of law," citing *People v. Poe*, 121 Ill. App. 3d 457, 462, 549 N.E.2d 667 (1984) (*Poe*).

The State concedes the validity of defendant's double jeopardy claim with regard to counts XI and XII and asks this court to vacate his convictions on those counts under *People v. Henry*, 204 Ill. 2d 267, 789 N.E.2d 274 (2003) (*Henry*).

■ Defendant further maintains his conviction for aggravated discharge of weapon as to Rainge (count V) violates the prohibition of double jeopardy. The State initially counters that defendant waived the issue by failing to object at trial and by not raising the issue in his posttrial motion. To preserve an issue for review, a defendant must both object at trial and specifically include the objection in a posttrial motion. *People v. Lindsey*, 201 Ill. 2d 45, 53, 772 N.E.2d 1268 (2002). The failure to raise an issue in a written motion for a new trial results in a waiver of that issue on appeal. *People v. Enoch*, 122 Ill. 2d 176, 186, 522 N.E.2d 1124 (1988). The propriety of defendant's acquittal and subsequent conviction implicates substantial rights concerning the protection against double jeopardy, and this issue will be considered on the merits.

Defendant states that the court's finding of not guilty on count V became effective when announced, and an acquittal based on an erroneous ruling triggers double jeopardy principles, citing *People v. Carter*, 194 Ill. 2d 88, 741 N.E.2d 255 (2000) (*Carter*), and *Sanabria v. United States*, 437 U.S. 54, 64, 57 L. Ed. 2d 43, 53-54, 98 S. Ct. 2170, 2178-79 (1978) (*Sanabria*). Even when an acquittal is based upon an egregiously erroneous foundation, defendant argues, the judgment is

final and cannot be reviewed without violating double jeopardy, citing *Fong Foo v. United States*, 369 U.S. 141, 143, 7 L. Ed. 2d 629, 631, 82 S. Ct. 671, 672 (1962).

The State argues that the circuit court found defendant guilty of aggravated discharge of a firearm as to Rainge beyond a reasonable doubt, as evinced in the record by the court's half-sheet notation and its commentary when articulating its findings. On the half-sheet, the court recorded: "PNG JW Ct 1,2,3,4,6,7,8,9,10 *** MFDF granted *** FG Ct 5,11,12 = FG." In its findings, the court stated, "it's pretty clear to me that Miss Rainge was right in the area of the car when the car was struck by the bullet, just apparently a car length away when shots were fired. Now, with regard to the aggravated discharge of a firearm, finding of not guilty. According to the testimony given, I have no idea where Mr. Mukes was, again, that was a finding of not guilty."

The State maintains that the circuit court's finding of not guilty clearly was in reference to count VI (aggravated discharge of a firearm as to Mukes), and it intended to explain its reasons for the distinct rulings. Double jeopardy did not attach, unlike the court's ruling as to counts XI and XII. The court's clarification prior to the posttrial hearing, where it stated that "defendant was found guilty of three counts. Finding guilty of aggravated discharge of a firearm was to count 5," is further indicia of its intent to find defendant guilty on that count.

The question presented, therefore, is whether the acquittal actually represents a resolution, correct or not, of some or all of the factual elements of the offense. See *Henry*, 204 Ill. 2d at 284; *People v. Williams*, 188 Ill. 2d 293, 721 N.E.2d 524 (1999); *People ex rel. Daley v. Crilly*, 108 Ill. 2d 301, 311, 483 N.E.2d 1236 (1985), quoting *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 51 L. Ed. 2d 642, 651, 97 S. Ct. 1349, 1355 (1977).

In the instant case, an examination of the record as a whole reveals that the circuit court did, in fact, find defendant guilty on count V. The court stated that "Miss Rainge was right in the area of the car when the car was struck by the bullet." The court's next statement was in consideration of the offense as to Mukes, "[n]ow, with regard to the aggravated discharge of a firearm, a finding of not guilty. According to the testimony given, I have no idea where Mr. Mukes was, again, that was a finding of not guilty." These remarks do not amount to an acquittal on the count of aggravated discharge of a firearm as to Rainge since they were in reference to Mukes and do not represent a resolution of some or all of the factual elements of the charge in favor of defendant. Notwithstanding the court's clarification immediately preceding the posttrial hearing, the court's intent to find defendant guilty is ascertainable from its articulated reasoning as set forth in the record.

Defendant claims that even if the court was mistaken in finding defendant not guilty, the acquittal must stand where it is based on an error of fact or law, no matter how egregious, citing *Poe*, 121 Ill. App. 3d at 462, and *Carter*, 194 Ill. 2d at 94-95. Defendant's reliance on these cases is misplaced. In stating that an acquittal may not be withdrawn even where erroneously based on a mistake of fact, the *Poe* court cites *In re L.R.*, 106 Ill. App. 3d 244, 435 N.E.2d 908 (1982), in which the circuit court acquitted defendant on a burglary count when ruling on a directed verdict. *In re L.R.*, 106 Ill. App. 3d at 248. The court incorrectly believed the burglary count referred only to one victim, where it actually included the second victim, as to whom the court intended to find defendant guilty of burglary. The court's mistake of fact was further compounded by a mistake of law when it stated that the burglary charge must be proved as to both victims named in the charge. The appellate court vacated the circuit court's order of probation revocation and remanded for a new adjudicatory hearing. *In re L.R.*, 106 Ill. App. 3d at 248-49.

In *Carter*, the court made an erroneous evidentiary ruling that resulted in the presentation of insufficient evidence of the offense charged. The *Carter* court stated, " '[w]hen a defendant has been acquitted at trial he may not be retried on the same offense, even if the legal rulings underlying the acquittal were erroneous.' " *Carter*, 194 Ill. 2d at 94-95, quoting *Sanabria*, 437 U.S. at 64, 57 L. Ed. 2d at 54, 98 S. Ct. at 2179.

■ In the case *sub judice*, the circuit court made neither a mistake of law nor fact. It articulated its reasons for finding defendant guilty of aggravated discharge of a firearm when it stated defendant fired in the direction of Rainge. The court did not specify upon which count it was entering its finding, but went on to discuss its finding defendant not guilty for firing in Mukes' direction since the court had "no idea where Mr. Mukes was." Defendant was never actually acquitted on count V and his finding of not guilty pertained only to count VI.[1] This conclusion is supported by the court's half-sheet notations and its

---

[1]Although not cited by the parties, in *People v. Vilt*, 119 Ill. App. 3d 832, 457 N.E.2d 136 (1983), the circuit court, in an oral ruling, allowed defendant's motion for a directed verdict on one count believing the victim's testimony did not support it. When the State immediately questioned the ruling, the judge realized he confused the testimony of two witnesses and that the victim's testimony actually supported that count. The judge then denied defendant's motion for directed verdict. *Vilt*, 119 Ill. App. 3d at 833-34. On appeal, the court found that double jeopardy principles were not violated because the circuit court never actually acquitted defendant of the charge. *Vilt*, 119 Ill. App. 3d at 835.

clarification of the somewhat ambiguous court reporter's transcript of its findings. Defendant's conviction on count V, aggravated discharge of a firearm as to Rainge, is affirmed.

## II

Defendant next contends that the State failed to prove him guilty beyond a reasonable doubt of aggravated discharge of a firearm as to Rainge. The State's evidence, defendant maintains, proved only that he fired into Rainge's car and not at her, pointing to Rainge's testimony that she and Mukes promptly exited the car; the fact that he fired point-blank into the car knowing it was empty; and his statement that he shot only to "make some noise."

The record shows that Rainge jumped out of her car and ran to the trunk area when she saw defendant get out of his car with a gun. Officer Morris testified that defendant said to him, "I shot at them and the gun is in the car," and that he discovered a bullet hole in the windshield and recovered a bullet from within the car's dashboard. Detective Forester testified that defendant admitted shooting at Mukes and Rainge.

██ On review, a conviction will not be set aside on grounds of insufficient evidence unless the proof is so improbable or unsatisfactory that there remains a reasonable doubt as to defendant's guilt. *People v. Collins*, 106 Ill. 2d 237, 261, 478 N.E.2d 267 (1985). The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789 (1979); *Collins*, 106 Ill. 2d at 261. To prove the elements of aggravated discharge of a firearm, it must be shown that the offender knowingly or intentionally discharged a firearm in the direction of another person. *People v. Taylor*, 186 Ill. 2d 439, 447-48, 712 N.E.2d 326 (1999); *People v. James*, 246 Ill. App. 3d 939, 944, 617 N.E.2d 115 (1993); 720 ILCS 5/24—1.2(a)(2) (West 2000).

█ In the case at bar, the State proved defendant satisfied the elements of aggravated discharge of a firearm as to Rainge. Through her testimony, as well as that of Morris and Forester, the circuit court had support for finding that defendant fired in Rainge's direction, believing she was a car length away from defendant when he fired toward the car, which she stood behind. Defendant was proved guilty of aggravated discharge of a firearm as to Rainge.

Defendant argues further that his acquittal of aggravated discharge of a firearm as to Mukes is legally inconsistent with finding him guilty of aggravated discharge of a firearm as to Rainge.

The State counters that the doctrine of inconsistent verdicts is inapplicable to the present case under *People v. Jones*, 207 Ill. 2d 122 (2003) (*Jones*). There, the supreme court overruled its decision in *People v. Klingenberg*, 172 Ill. 2d 270, 665 N.E.2d 1370 (1996), in which the court held that legally inconsistent verdicts acquitting defendant of one offense and convicting him of another must be reversed. Instead, the court followed *United States v. Powell*, 469 U.S. 57, 83 L. Ed. 2d 461, 105 S. Ct. 471 (1984), holding that "defendants in Illinois can no longer challenge convictions on the sole basis that they are legally inconsistent with acquittals on other charges." *Jones*, 207 Ill. 2d at 133-34.

Here, the circuit court could not determine where Mukes was located when defendant fired his gun and lacked sufficient evidence to convict defendant as to Mukes, who did not testify at all about the incident. The court had available only the evidence presented in making its determination that Rainge, but not Mukes, was within the direction of defendant's gunfire. There was no definitive evidence, including Rainge's testimony, that Mukes and Rainge stood near each other at the time of the shooting. The court, as fact finder, believed the evidence was sufficient as to Rainge, while insufficient as to Mukes. Assuming, *arguendo*, that the verdicts were inconsistent, the supreme court's recent holding in *Jones* abolished defendants' use of inconsistent verdicts as a viable ground for reversal.[2] Therefore, defendant was proved guilty beyond a reasonable doubt for firing in Rainge's direction; inconsistent verdicts as a claim for relief would not change defendant's conviction.

### III

Defendant's final argument is that the circuit court abused its discretion in sentencing him to seven years' imprisonment for aggravated discharge of a firearm and to five years on each count of unlawful use of a weapon by a felon.[3]

---

[2]Defendant also argues that in light of *Jones*, inconsistent verdicts are now viewed as a component of a reasonable doubt analysis. The State correctly points out that defendant's assertion is patently false where the *Powell* court stated, "[t]his review should not be confused with the problems caused by inconsistent verdicts. Sufficiency-of-the-evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilt beyond a reasonable doubt." *Powell*, 469 U.S. at 67, 83 L. Ed. 2d at 470, 105 S. Ct. at 478.

[3]Defendant's argument with regard to his sentence for unlawful use of a weapon has been mooted by the State's concession of error as to the impropriety of defendant's convictions for that offense.

■ In fashioning appropriate sentences, the circuit court is in a far better position than a reviewing court because it can make a reasoned judgment based on firsthand consideration of factors such as defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. *People v. Hall*, 273 Ill. App. 3d 838, 843, 652 N.E.2d 1266 (1995). A sentence will not be disturbed on review unless it greatly diverges from the purpose and spirit of the law or is highly disproportionate to the nature of the offense. *Hall*, 273 Ill. App. 3d at 843. This is especially true where the sentence imposed is within the statutory limitations and not clearly at variance with the purpose and spirit of the Constitution. *People v. Lambrechts*, 69 Ill. 2d 544, 559, 372 N.E.2d 641 (1977). Accordingly, the standard of review is whether the circuit court abused its discretion. *Hall*, 273 Ill. App. 3d at 843.

■ The minimum term of imprisonment for aggravated discharge of a firearm is not less than 4 years and not more than 15 years. 730 ILCS 5/5—8—1(a)(4) (West 2000). Defendant's sentence falls well within the statutory limitations and does not thwart the purpose of restoring him to useful citizenship. See Ill. Const. 1970, art. I, § 11. Defendant does not argue that the circuit court failed to consider factors in mitigation, but contends only that certain factors (*i.e.*, his disabled son, remorse, favorable criminal record since 1983, lack of intent to harm, and provocation by Mukes) should be considered by this court in setting defendant's sentence.

In imposing sentence, the circuit court stated, "considering the [evidence in] aggravation and mitigation, arguments of the parties, I have reviewed the pre-sentence investigation, the defendant has been released from the penitentiary since 1983. And that's been almost twenty years. He hasn't had any problems with the law since then. He was a young man at the time." Where mitigating evidence is before the court, it is presumed that the sentencing judge considered the evidence, absent some indication to the contrary, other than the sentence itself. *People v. Sawyer*, 139 Ill. App. 3d 383, 387, 487 N.E.2d 662 (1985).

Here, the circuit court specifically noted that it considered evidence in mitigation, and defendant makes no argument to overcome the presumption that the court considered all mitigating factors. An appellate court will not substitute its judgment for that of a circuit court merely because it would have balanced the appropriate factors differently if it had been charged with the initial task of sentencing. *People v. Cox*, 82 Ill. 2d 268, 280, 412 N.E.2d 541 (1980), citing *People v. Perruquet*, 68 Ill. 2d 149, 156, 368 N.E.2d 882 (1977). The court did not abuse its discretion in imposing a seven-year sentence.

For the above-stated reasons, defendant's convictions for unlawful use of a weapon by a felon (counts XI and XII) are vacated; defendant's conviction and sentence for aggravated discharge of a firearm (count V) is affirmed.

Vacated in part and affirmed in part.

QUINN, P.J., and GREIMAN, J., concur.