JUSTICE HEIPLE
 

 delivered the opinion of the court:
 

 This is an appeal by the State from an order vacating the conviction of the defendant, Donald Vilt, for deviate sexual assault. The issues raised on appeal concern the following procedural sequence.
 

 The defendant was charged in a four-count indictment with rape, aggravated kidnaping, and two counts of deviate sexual assault. One count of deviate sexual assault charged that the defendant sodomized the victim. The State called as a witness a woman who had previously been assaulted by the defendant in order to prove the defendant’s modus operandi. This witness, while testifying as to her experience with the defendant, made no mention of anal intercourse. The "victim apparently testified as to the defendant’s assault upon her. A part of that assault was anal intercourse.
 

 At the close of the State’s case, the defendant orally moved for a directed verdict on the grounds that the State failed to prove venue. In so arguing, counsel for the defendant confused the modus operandi witness with the victim. After the State corrected counsel’s misstatement, the trial court denied the motion. The defendant then orally moved for a directed verdict on the count charging deviate sexual assault based on the act of sodomy. The following colloquy occurred:
 

 “THE COURT: That motion will be allowed.
 

 MR. GERTS (The assistant State’s Attorney): May I ask why?
 

 THE COURT: Wasn’t any evidence of anal sodomy.
 

 MR. GERTS: I think she testified that - Theresa testified of the contact.
 

 THE COURT: Or am I thinking, am I thinking of the other girl?
 

 MR. GERTS: Tami George there was no anal act with.
 

 THE COURT: I am sorry, I am sorry, I am talking, I am-thinking of Tami George, that is right.
 

 MR. GERTS: Tami was in the dress.
 

 THE COURT: That motion will be denied.
 

 MR. KIELIAN: Could I be -
 

 THE COURT: Yes you may be heard on it but I am sorry, I had the wrong, the wrong cases.”
 

 The court allowed and then denied the defendant’s motion for a directed verdict. The jury later found the defendant guilty of deviate sexual assault and of three counts of contributing to the sexual delinquency of a child as lesser included offenses of the charges of deviate sexual assault and rape. The defendant was found not guilty of one count of deviate sexual assault, of rape and of aggravated kidnaping.
 

 The defendant filed a post-trial motion which included a motion to vacate the judgment on the charge of deviate sexual assault. The trial court granted the motion to vacate, finding that the defendant had been placed in double jeopardy. It is from the granting of the motion to vacate that the State now appeals.
 

 Our initial inquiry must be whether this appeal is properly before this court. The State’s right to appeal is defined in Supreme Court Rule 604, which provides in relevant part:
 

 “(a) Appeals by the State.
 

 (1) When State May Appeal. In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114 — 1 of the Code of Criminal Procedure of 1963 ***.” 87 Ill. 2d R. 604.
 

 The State argues that this appeal is proper because the “substantive effect” of the trial court’s ruling is that the charge against the defendant is dismissed on the grounds of double jeopardy. Double jeopardy is one of the grounds enumerated in section 114 — 1 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1981, ch. 38, par. 114 — 1.) We agree.
 

 The defendant argues that the order vacating the guilty verdict had the effect of reinstating the court’s directed verdict, thus constituting an acquittal following a factual resolution in favor of the defendant which is not appealable by the State. Ill. Const. 1970, art. VI, sec. 6.
 

 In this case, defendant’s motion for directed verdict was an oral motion. It is obvious from the record that the trial judge, acting under a misapprehension of the facts, orally allowed this motion and then immediately reversed himself when his mistake was pointed out. No passage of time intervened. The scenario is plain to see. Under these circumstances, we believe there simply was no directed verdict to reinstate when the defendant’s post-trial motion to vacate was granted. As a result, when the court vacated the guilty verdict, it had the substantive effect of dismissing the charge against the defendant, thus giving the State the right to appeal.
 

 We are not persuaded by the defendant’s argument that the court had absolutely and irrevocably entered a directed verdict for the defendant which could not be withdrawn. The cases cited by the defendant (In re R.R.R. (1983), 112 Ill. App. 3d 982; In re L.R. (1982), 106 Ill. App. 3d 244; People v. Stout (1982), 108 Ill. App. 3d 96; People v. Hutchinson (1975), 26 Ill. App. 3d 368; People v. Gallas (1966), 77 Ill. App. 2d 132) are distinguishable; none of them involve a situation where, as in the present case, the trial judge, virtually with the same breath, indicted that he would allow and then deny a motion for a directed verdict.
 

 Our resolution of the first issue also disposes of the second issue, that is, whether the defendant was twice placed in jeopardy for the same offense. Since the trial judge allowed and then immediately denied an oral motion for directed verdict for the defendant, the defendant was never acquitted of the charge of deviate sexual assault. Accordingly, a jury verdict of guilty at the close of trial did not have the effect of placing the defendant in jeopardy a second time.
 

 The order of the circuit court of Kankakee County granting the defendant’s motion to vacate is reversed. The jury verdict finding the defendant guilty of deviate sexual assault is reinstated and the cause is remanded for further proceedings.
 

 Reversed and remanded.
 

 ALLOY and BARRY, JJ., concur.