FIRST DIVISION
March 3, 2008

No. 1-06-1073

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY LEWIS, | ) | Honorable |
| | ) | Michael Brown, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE WOLFSON delivered the opinion of the court:

Defendant Anthony Lewis was charged with delivery of heroin (count 3) and possession of cocaine with intent to deliver (count 4). Following a sentencing hearing, the trial court imposed a six-year prison sentence on count 3. The only issue in this appeal is whether the trial court had acquitted defendant of count 3, rendering the sentence void. We conclude the trial court found the defendant not guilty of the charge in count 3. We vacate the defendant's sentence on that count and remand for sentencing on count 4, possession only.

FACTS

Detective Jeanne Radjenovich testified that on March 2, 2005, she was the surveillance officer on a narcotics team. From her vantage point less than a block away, she saw defendant conduct hand-to-hand transactions with various people. She radioed undercover Officer McCann. She told McCann to come

through the alley and try to make a controlled purchase from defendant. Detective Radjenovich saw Officer McCann talk to defendant and saw her drive around the block. When Officer McCann returned, defendant put his hand into her car and walked away. A short time later, the enforcement officers arrested defendant. The officers recovered $10 from defendant, but not the prerecorded funds used during the transaction.

Officer Kathleen McCann testified she drove into the alley and saw defendant, who matched the surveillance officer's description of the suspect. She asked defendant for two "blows," a street term for heroin. He told her to drive around the block and meet him in the alley, which she did. Defendant handed her clear plastic bags containing foil packets, and she gave him $20 in prerecorded funds. She then drove away and radioed the other officers that a narcotics transaction occurred. Officer McCann identified defendant after he was detained.

Officer Michael Kublida, an enforcement officer, testified that Sergeant Nunez and Officer Roman had already detained defendant when he arrived at the scene. During defendant's custodial search, the officers recovered $10 and a clear plastic bag containing a white rock-like substance they suspected was cocaine. No heroin was found in defendant's possession. Officer Kublida admitted he attested to the police report completed after

defendant's arrest, but he did not read it.

The parties stipulated that Sergeants Roman and O'Shea would testify their arrest report stated they recovered prerecorded funds from defendant. No prerecorded funds were recovered. The parties also stipulated that the State forensic chemist would testify the substances tested were less than .1 gram of cocaine and .3 gram of heroin.

After the State rested, defendant made a motion for a directed finding, which the court denied as to count 3. As to count 4, the court found the State had not met its burden of proof with regard to the intent to deliver element and thus proceeded with count 4 being the lesser-included offense of possession of cocaine.

On February 9, 2006, following closing arguments, the court said:

> "The court finds that the State has met its burden of proof with regard to Count No. 3 and also the remaining part of Count No. 4. The court finds that the identification of the Defendant by both surveillance officers and the undercover officers was strong and positive.
>
> With regard to the transactions, details

1-06-1073

culminating in Count No. 3 which is the delivery of a controlled substance, again, the Court finds that the State has met its burden of proof, and that in fact the Defendant delivered some items containing a substance containing heroin to the undercover officers.

With regard to Count No. 4, possession of a controlled substance, the Court finds that a clear, plastic bag containing cocaine was found on the Defendant's person.

The Court finds that the impeachment that was generated during the examination of the enforcement officer was for post arrest and post transaction activities, but I do find based on all of the evidence and all of the testimony that the State has met its burden of proof that this item containing cocaine was found on Mr. Lewis' person, and the impeachment does not rise to the level of that.

The State has not met its burden of proof. As a result, there would be a finding

- 4 -

1-06-1073

of not guilty for Count No. 3. There would

be a finding of guilty as to Count No. 4, PCS

only."

The assistant state's attorney did not ask the trial court any questions about its "findings." The half-sheet entry on February 9, 2006, says "f/g (DCS Ct 3) & 4 - PCS only (Ct 4)." The State does not contest the accuracy of the transcript of the trial court's words.

At defendant's sentencing hearing on March 15, 2006, the State observed defendant was convicted of both counts 3 and 4. Defendant did not object to the State's recitation of his convictions. The court sentenced defendant as a Class X offender to six years in prison. Specifically, the court said, "Now, that is a sentence on Count 3, which is the delivery of a controlled substance count. Count 4 will be merged into Count 3 for purposes of sentencing." Defense counsel did not question the trial court's authority to sentence the defendant on count 3, the heroin delivery charge. Defendant appeals.

DECISION

I. Void Sentence

The parties frame this dispute as a double jeopardy issue. The double jeopardy clauses contained in the United States and Illinois Constitutions prohibit a person from being put in

jeopardy twice for the same offense.  U.S. Const., amend. V; Ill. Const. 1970, § 10.  The issue may be simpler than that.  The question that controls the outcome of this case is whether the trial court found defendant guilty or not guilty of count 3.  If it found defendant not guilty, the sentence on that count would be void.  We look to the double jeopardy decisions to guide our analysis.

Defendant contends the six-year sentence is void because the court sentenced him for delivery of a controlled substance after it acquitted him of that offense.

Initially, we reject the State's contention that defendant waived this issue by failing to raise it in a written post-trial motion.  Waiver generally does not apply where the judgment is challenged as void.  People v. Thompson, 209 Ill. 2d 19, 27, 805 N.E.2d 1200 (2004).  Furthermore, the propriety of an alleged acquittal necessarily implicates substantial rights requiring our review.  People v. Allen, 344 Ill. App. 3d 949, 954, 801 N.E.2d 1115 (2003).

A defendant is acquitted of an offense when a trial judge finds the evidence insufficient at trial and finds the defendant not guilty.  People v. Brown, 227 Ill. App. 3d 795, 798, 592 N.E.2d 342 (1992).  "A judgment of acquittal stemming from an evidentiary hearing, however erroneous, bars further prosecution

on any aspect of the charge." <u>People v. Carter</u>, 194 Ill. 2d 88, 92, 741 N.E.2d 255, citing <u>Sanabria v. United States</u>, 437 U.S. 54, 98 S. Ct. 2170, 57 L. Ed. 2d 43 (1978).  Whether the trial judge made a mistake of fact or law when entering an acquittal is irrelevant.  <u>Brown</u>, 227 Ill. App. 3d at 798, citing <u>People v. Poe</u>, 121 Ill. App. 3d 457, 459 N.E.2d 667 (1984).  An acquittal, however, only triggers the bar against double jeopardy if it " 'actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.' "  <u>People v. Henry</u>, 204 Ill. 2d 267, 283, 789 N.E.2d 274 (2003), quoting <u>United States v. Martin Linen Supply Co.</u>, 430 U.S. 564, 569, 97 S. Ct. 1349, 1353, 51 L. Ed. 2d 642, 650 (1977).

In <u>People v. Vilt</u>, 119 Ill. App. 3d 832, 457 N.E.2d 136 (1983), the defendant was charged with rape, aggravated kidnapping, and two counts of deviate sexual assault.  At the close of the State's case, the defendant moved for a directed verdict on the count charging deviate sexual assault based on the act of sodomy.  The following colloquy occurred:

> "THE COURT: That motion will be allowed.
>
> MR. GERTS (the assistant state's attorney): May I ask why?
>
> THE COURT: Wasn't any evidence of anal sodomy.

          MR. GERTS: I think she testified that-
     Theresa testified of the contact.

          THE COURT: Or am I thinking, am I
     thinking of the other girl?

          MR. GERTS: Tami George there was no anal
     act with.

          THE COURT: I am sorry, I am sorry, I am
     talking, I am thinking of Tami George, thats
     right.

                              ***

          THE COURT: That motion will be denied.

          MR. KIELIAN [defense counsel]: Could I be-

          THE COURT: Yes you may be heard on it but I
     am sorry, I had the wrong, the wrong cases."

After the defendant was convicted of one count of deviate sexual assault, he filed a motion to vacate the judgment. The trial court granted the motion, finding the defendant had been placed in double jeopardy.

The appellate court reversed, holding that because the trial court allowed but then denied the directed verdict "virtually within the same breath," the defendant never was acquitted of the charge. Vilt, 119 Ill. App. 3d at 835. Because no passage of time intervened, the court held there "simply was no directed

verdict to reinstate when the defendant's post-trial motion to vacate was granted." Vilt, 119 Ill. App. 3d at 835. See also People v. Williams, 188 Ill. 2d 293, 306, 721 N.E.2d 524 (1999) (The trial court did not grant the defendant's motion for a finding of not guilty. "The trial judge's statements were equivocal and amounted merely to a determination to hold the ruling on defendant's motion in abeyance until the following day.")

In Allen, the defendant was charged with two separate counts of aggravated discharge of a firearm--count five in regards to Gloria Rainge and count six in regards to Cortez Mukes. The trial court granted a motion for a directed finding as to count six. When the trial court entered its finding of guilt at the close of the case, it said:

> "Based on the evidence presented, *** it's
> pretty clear to me that Miss Range was right
> in the area of the car when the car was
> struck with the bullet, just apparently a car
> length away when shots were fired. Now, with
> regard to the aggravated discharge of a
> firearm, finding of not guilty. I have no
> idea where Mr. Mukes was, again, that was a
> finding of not guilty." (Emphasis added.)

Before the defendant's post-trial hearing began, the court addressed the parties, stating:

> "I just want the record to reflect that the defendant was found guilty of three counts. Finding guilty of aggravated discharge of a firearm was count five, *** although reviewing the transcript it doesn't really make [it] clear.  But I just want the record to reflect that the defendant was found guilty of count five, aggravated discharge of a firearm in regards to Gloria Range.  As to count six with regard to aggravated discharge of a firearm with regard to Mr. [Mukes], he was found not guilty."

On appeal, the defendant contended his conviction for aggravated discharge of a firearm was barred because the trial court initially found him not guilty as to count five ("Now, with regard to the aggravated discharge of a firearm, finding of not guilty"), then clarified its ruling finding him guilty of the offense.  Rejecting the defendant's argument, the court held an examination of the record as a whole revealed the trial court did, in fact, find defendant guilty of count five.  Because the trial court never specified which count it was entering its

finding on, the court held the defendant was never actually acquitted on count five and the judge's finding of not guilty pertained only to count six.  <u>Allen</u>, 344 Ill. App. 3d at 956. The court held its conclusion was supported by the trial court's half-sheet notations and its clarification of the somewhat ambiguous court reporter's transcript of its findings.  <u>Allen</u>, 344 Ill. App. 3d at 956.

 By contrast, in <u>People v. Brown</u>, 227 Ill. App. 3d 795, 798-99, 592 N.E.2d 342 (1992), the defendant was charged with armed violence based on possession of a controlled substance with intent to deliver.  At the close of the State's case, the defendant moved for a directed verdict.  In ruling on the motion, the trial court said:

> "the Court cannot find that the Defendant
> possessed cocaine with intent to deliver and
> as to that charge, the Defendant is found not
> guilty of the greater offense of possession
> with intent to deliver.  *** Having found the
> Defendant not guilty of the offense of
> possession with intent to deliver[,] it
> follows that he was not armed with a
> dangerous weapon while committing that
> offense, and the Defendant is found not

guilty of Count 1."
The State contended that even though the judge found the defendant not guilty of possession with intent to deliver, the armed violence charge could be based on the lesser-included offense of possession. The judge agreed with the State and denied defendant's motion for a directed verdict. Defendant was subsequently found guilty of armed violence and possession of a controlled substance.

The appellate court reversed defendant's conviction, holding the trial court's initial ruling on the directed verdict was "an acquittal based on insufficient evidence which the trial judge could not reconsider." Brown, 227 Ill. App. 3d at 799. Distinguishing Vilt, the court held the trial judge's ruling was "not equivocal." Brown, 227 Ill. App. 3d at 799. The trial judge specifically found the evidence was insufficient, that the defendant was not guilty of armed violence. Brown, 227 Ill. App. 3d at 799. See also People v. Stout, 108 Ill. App. 3d 96, 100, 438 N.E.2d 952 (1982) ("It was error to continue the trial with respect to count IX after the court had directed the verdict on that count in defendant's favor.")

In Henry, the question presented was whether the trial court's oral grant of defendant's motion for directed verdict on the charge of aggravated battery was an "unequivocal judgment of

- 12 -

acquittal." Henry, 204 Ill. 2d at 284. The defendant was charged with involuntary manslaughter and aggravated battery. At the close of the evidence, defendant moved for a directed verdict on both counts. The trial court granted the directed verdict as to the aggravated battery charge. After the State then sought leave to appeal the court's ruling, the court vacated its previous order and reserved ruling on the directed verdict. The court subsequently denied defendant's motion for directed verdict on both charges. The jury found defendant guilty of aggravated battery.

Distinguishing Williams, our supreme court held that, under the specific facts of the case, the trial judge unequivocally granted the defendant's motion for a directed finding on the aggravated battery charge. Henry, 204 Ill. 2d at 287-88. Unlike Williams, the judge in Henry neither indicated willingness to examine additional authority nor offered to postpone the ruling until the parties had an opportunity to present legal authority. Henry, 204 Ill. 2d at 287. Because the acquittal represented a resolution of " 'some or all of the factual elements of the offense charged,' " the principles of double jeopardy barred the aggravated battery charge from being presented to the jury. Henry, 204 Ill. 2d at 288, quoting Martin Linen Supply Co., 430 U.S. at 571, 97 S. Ct. at 1355, 51 L. Ed. 2d at 651.

Here, the State contends the trial court's comments, viewed in their entirety, clearly indicate it intended to convict defendant of count 3 and simply "misspoke" when restating its findings.

The State has not been consistent when addressing the specificity of the trial judge's findings. While this appeal was pending, it filed a motion for limited remand for the circuit court to clarify the record pursuant to Supreme Court Rule 329, contending "the People have reviewed the record on appeal and determined that it is <u>unclear whether defendant was convicted of Count 3</u> and the remaining portion of Count 4, or only on the remaining portion of Count 4."  (Emphasis added).  Rule 329 provides limited remand for the purposes of clarifying the record.  It is used when: (1)there is a question regarding whether the record "accurately discloses what occurred in the trial court;" (2) the record contains "material omissions" or "inaccuracies;" or (3) the record is improperly authenticated. Supreme Court Rule 329 (Official Reports Advanced Sheet No. 22 (October 26, 2006), R. 329, eff. January 1, 2006).  The State never contended the record was inaccurate or contained "material omissions."  Nor did it contend that the trial court's findings were inaccurately disclosed.  Instead, the State sought remand for the sole purpose of allowing the trial court to clarify its

intentions when declaring the not guilty finding on count 3. That is not provided for in Rule 329. We denied the State's motion.

Now, in this appeal, the State contends the court's notation on the half-sheet, defendant's sentencing hearing, and defendant's mittimus constitute evidence that the trial court simply misspoke when declaring defendant not guilty. The half-sheet entry on February 9, 2006, says "f/g (DCS Ct 3) & 4 - PCS only (Ct 4)," which the State contends reflects a finding of guilty on count 3. The State has abandoned the position it took in its motion for remand.

A judge's oral pronouncement is the judgment of the court. People v. Smith, 242 Ill. App. 3d 399, 402, 609 N.E.2d 1004 (1993). A written order of commitment is merely evidence of that judgment. Smith, 242 Ill. App. 3d at 402. When a trial court's oral pronouncement conflicts with its written judgment, the oral pronouncement controls. People v. Savage, 361 Ill. App. 3d 750, 762, 838 N.E.2d 247 (2005); Smith, 242 Ill. App. 3d at 402. We find the trial court's oral finding determines the outcome of this case.

Unlike Allen and Williams, there was nothing ambiguous or equivocal in the trial court's findings. We recognize the trial court first indicated the State had "met its burden of proof with

regard to Count No. 3." But the trial court used the word "finding" once and only once--when saying "there would be a finding of not guilty for Count No. 3," just after saying "The State has not met its burden of proof," and just before saying "There would be a finding of guilty as to Count No. 4, PCS only."

It is the trial court's "finding" that controls. Smith, 242 Ill. App. 3d at 402. There was nothing equivocal about it. If the State had any concerns about that finding, it should have said so when it was pronounced.

While the State suggests we should ignore the acquittal because the trial court simply "misspoke," we note "[a] judgment of acquittal stemming from an evidentiary hearing, however erroneous, bars further prosecution on any aspect of the charge." See Carter, 194 Ill. 2d at 92. The trial court's "finding of not guilty" represented an unequivocal resolution of some or all of the elements of the offense charged.

Unlike the first ruling in Vilt, defendant's acquittal in this case stood unchallenged for a significant length of time. The judge sentenced defendant on count 3 on March 15, 2006, more than a month after his finding of acquittal on the same charge--a far cry from the "virtually within the same breath" that passed before the trial court corrected its finding in Vilt. See Vilt, 119 Ill. App. 3d at 835. Nor was the trial court holding a

ruling on the guilt or innocence issue "until the following day." Williams, 188 Ill. 2d at 306. We find the length of time defendant's acquittal was allowed to stand unchallenged in this case supports our conclusion.

Because the trial court acquitted defendant of delivery of a controlled substance and then improperly sentenced him for that same offense, we find the sentence is void. A judgment of not guilty on count 3 must be entered by the trial court.

II. Mittimus

Defendant contends his mittimus must be amended to correctly reflect that he was subject to mandatory Class X sentencing based on his conviction on count 3 rather than count 2. Because we vacate defendant's sentence and remand his case for a new sentencing hearing consistent with our findings, we need not consider this issue. On remand, the trial court should sentence defendant only on the remaining possession of the cocaine possession charge contained in count 4.

CONCLUSION

We vacate defendant's sentence on count 3, order that the mittimus reflect a finding of not guilty on count 3, and remand the case for a new sentencing hearing on count 4, possession only, consistent with our findings.

Vacated and remanded.

CAHILL, P.J., and R. GORDON, J., concur.

1-06-1073

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT
(Front Sheet to be Attached to Each Case)

| Please use following form: | THE PEOPLE OF THE STATE OF ILLINOIS, |
|---|---|
| | Plaintiff-Appellee, |
| Complete<br>TITLE<br>of Case | v. |
| | ANTHONY LEWIS, |
| | Defendant-Appellant. |

| Docket Nos.<br><br>COURT<br><br>Opinion<br>Filed | No. 1-06-1073<br><br>Appellate Court of Illinois<br>First District, 1st Division<br><br>March 3, 2008<br><br>(Give month, day and year) |
|---|---|

| JUSTICES | JUSTICE WOLFSON delivered the opinion of the court:<br><br>CAHILL, P.J., and R. GORDON, J., concur. |
|---|---|

| APPEAL from the Circuit Court of Cook County; the Hon._____, Judge Presiding. | Lower Court and Trial Judge(s) in form indicated in margin:<br><br>    Appeal from the Circuit Court of Cook County.<br><br>    The Hon. Michael Brown, Judge Presiding. |
|---|---|

| For APPELLANTS, John Doe, of Chicago.<br><br>For APPELLEES, Smith and Smith, of Chicago<br><br><br><br>Joseph Brown, of counsel).<br>Also add attor-neys for third-party appellants and/or appellees. | Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel.  Indicate the word NONE if not represented.<br><br>    For Appellant, Michael J. Pelletier, Deputy Defender, and Lauren A. Bauser, Assistant Appellate Defender, Office of the State Appellate Defender, of Chicago.<br><br><br>    For Appellee, Richard A. Devine, State's Attorney of Cook County, of Chicago.  (James E. Fitzgerald, Alan J. Spellberg, and Margaret M. Smith, of Counsel). |
|---|---|

(USE REVERSE SIDE IF NEEDED)

1-06-1073