# Illinois Official Reports

## Appellate Court

---

### *People v. Howard*, 2014 IL App (1st) 122958

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTWAN HOWARD, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-12-2958 |
| Filed | March 17, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from defendant's convictions for possession of a controlled substance and four counts of unlawful use of a weapon by a felon, the trial court's initial acquittal on two counts of unlawful use of a weapon by a felon based on its mistaken belief that the State had to prove defendant's parole status at trial exposed defendant to double jeopardy where that finding was rescinded at sentencing when the State did present proof that defendant was on parole; therefore, these two convictions based on defendant's status as a parolee were vacated and the cause was remanded for resentencing on the remaining two convictions for the unenhanced unlawful use of a weapon offense, which were properly based on the possession of a firearm loaded with ammunition. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-CR-5876 (01); the Hon. Nicholas Ford, Judge, presiding. |
| Judgment | Affirmed in part, reversed and vacated in part, and remanded with directions. |

Counsel on Appeal

Michael J. Pelletier, Alan D. Goldberg, and Michael Gomez, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, John E. Nowak, and Katerina Alexopoulos, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE HOFFMAN delivered the judgment of the court, with opinion.
Presiding Justice Connors and Justice Delort concurred in the judgment and opinion.

**OPINION**

¶ 1    A judge found the defendant, Antwan Howard, guilty of one count of possession of a controlled substance under the Illinois Controlled Substances Act (Act) (720 ILCS 570/401(c)(2) (West 2010)), and four counts of unlawful use of a weapon by a felon (UUW) under the Criminal Code of 1961 (Code) (720 ILCS 5/24-1.1(a) (West 2010)). He was sentenced to four concurrent terms of 10 years' imprisonment and 3 years' mandatory supervised release. He now appeals, contending (1) the court exposed him to double jeopardy by finding him not guilty on two counts of UUW, but then rescinding his acquittal of these charges during sentencing and entering a finding of guilty; (2) his sentences on the UUW offenses were the result of an improper double enhancement, where the same felony conviction was used both to prove an underlying element of UUW and to elevate his sentencing range to Class X; (3) two of his four convictions for UUW must be vacated because they violate the one-act, one-crime doctrine; (4) one of his two UUW convictions must be vacated because the Code does not allow for multiple convictions for a single act of possessing a gun containing ammunition; and (5) certain fees and fines imposed by the trial court must be vacated.

¶ 2    The defendant was charged by indictment with, *inter alia*, one count of possession of a controlled substance with intent to deliver under section 401(c)(2) of the Act, and four counts of UUW, a Class 3 offense, under Code section 24-1.1(a). The UUW charges (counts IV through VII) were all premised upon the same underlying felony conviction for failure to report an accident. Counts IV and VI were based upon the defendant's possession of a firearm, and counts V and VII were based upon his possession of the ammunition inside that firearm. Counts IV and V also contained notice that, pursuant to section 24-1.1(e) of the Code, the State would seek to have the defendant sentenced as a Class 2 offender on the basis that, at the time of the offense, he was on parole or mandatory supervised release. 720 ILCS 5/24-1.1(e) (West 2010).

¶ 3 The evidence at trial established that on the night of January 13, 2012, Officer John Wrigley was conducting surveillance when he observed three people sitting in a van about 40 to 50 feet away from him. The occupants of the van were identified as the defendant, his girlfriend, and another man. Officer Wrigley observed as individuals approached the van and gave money to individuals inside the van in exchange for small items, later shown to be narcotics. Officer Wrigley testified that at one point, he saw the defendant exit the van from the passenger's side carrying a small silver handgun in his right hand. The defendant looked in several directions, and then proceeded to wrap the weapon in a black cloth and move quickly across the street, where he placed the weapon under the front porch of a residence. The defendant then returned to the passenger's side of the van and closed the door. The police later recovered the black cloth from under the porch, and found it to contain the loaded handgun, along with baggies of cocaine and cannabis. The police approached the van and arrested the defendant and the other male occupant.

¶ 4 The State submitted several exhibits into evidence, including a certified copy of the defendant's underlying conviction for failure to report an accident, a Class 1 offense. Following arguments, the court found the defendant guilty of possession of a controlled substance under count I of the indictment. As to counts IV through VII alleging UUW, the court made the following statement:

"THE COURT: I also find him guilty of the four counts which I do find merge, the Class II possession–unlawful use of a weapon by a felon I think on a parolee, I guess that would be a finding of not guilty as parolee. I don't think that was proved beyond a reasonable doubt, but the UUW by a felon is a finding of guilty."

¶ 5 The court found the defendant guilty of counts VI and VII, but reiterated its finding of not guilty as to counts IV and V, on the basis there was "no evidence that the defendant was on parole or mandatory supervised release" at the time of the offense.

¶ 6 At the commencement of the sentencing hearing several weeks thereafter, the State requested that the court "revisit" its acquittal on counts IV and V. The State argued that the fact of the defendant's parole status amounted to a sentence "enhancement" under the Code and therefore did not need to be proven at trial. The State pointed out that there was no dispute between the parties that the defendant was on parole at the time of the offense, and defense counsel agreed to stipulate to this fact. The court observed that a finding of guilty on counts IV and V would elevate those convictions from Class 3 to Class 2, but stated that "it's not going to affect the sentencing as far as the numbers." The court then revised its finding to one of guilty on all four counts of UUW, two as Class 3 offenses and two elevated to Class 2 status. The court also found that the defendant was required to be sentenced as a Class X offender (see 730 ILCS 5/5-4.5-95(b) (West 2012)) but that in light of his mitigating factors, it was "not going to give [the defendant] near the maximum." The court then sentenced the defendant to four concurrent terms of 10 years' imprisonment for each count of UUW, followed by 3 years' mandatory supervised release for the controlled substances conviction. The defendant now appeals.

¶ 7 The defendant first argues that the trial court exposed him to double jeopardy with regard to the convictions under counts IV and V, by finding him not guilty at trial based upon the State's failure to prove his parole status and then rescinding this finding at sentencing when the State came forward with such proof. The State has conceded this point, and agrees that we must vacate the convictions under counts IV and V on the basis of double jeopardy.

Accordingly, we vacate the defendant's two "convictions" for UUW based upon his status as a parolee, and remand for resentencing on the two remaining Class 3 convictions for UUW.

¶ 8    We now consider whether, during resentencing, double jeopardy must also bar the State from seeking to use the defendant's parole status to enhance his sentences for the remaining two UUW convictions.

¶ 9    As an initial matter, we address the State's assertion that the defendant has forfeited any challenge to his sentence determination because he failed to make an objection before the trial court. It is well-settled that in order to preserve a sentencing challenge for review on appeal, the defendant must both object at the sentencing hearing and raise the issue in a postsentencing motion. *People v. Powell*, 2012 IL App (1st) 102363 (citing *People v. Freeman*, 404 Ill. App. 3d 978, 994 (2010)). A sentencing issue that has been forfeited nonetheless may be subject to review where it amounts to a plain error affecting substantial rights. *People v. Henry*, 204 Ill. 2d 267, 281 (2003); *People v. Cervantes*, 2013 IL App (2d) 110191. A conviction that violates double jeopardy is a substantial injustice and may be reviewed as plain error. *Cervantes*, 2013 IL App (2d) 110191, ¶ 21 (citing *People v. Brown*, 227 Ill. App. 3d 795, 797-98 (1992)). We will therefore review this issue as a matter involving substantial rights.

¶ 10   Section 24-1.1(a) makes it "unlawful for a person to knowingly possess on or about his person *** any firearm or any firearm ammunition if the person has been convicted of a felony under the laws of this State." 720 ILCS 5/24-1.1(a) (West 2010).

¶ 11   Section 24-1.1(e) states:

"(e) Sentence. *** Violation of this Section by a person who is on parole or mandatory supervised release is a Class 2 felony for which the person, if sentenced to a term of imprisonment, shall be sentenced to not less than 3 years and not more than 14 years." 720 ILCS 4/24-1.1(e) (West 2010).

¶ 12   The State asserts that, under the above sections of the Code, the defendant's parole status was merely a sentence enhancement, and as such, did not need to be proven at trial, but instead could properly have been submitted to the trial court at sentencing. The court's initial acquittal on counts IV and V was based upon its mistaken belief that the State was required to prove the defendant's parole status at trial, and when it recognized its error at sentencing, it correctly revised its finding to guilty. Accordingly, the State contends, while the initial acquittal on counts IV and V must stand, the enhancement under section 24-1.1(e) may be applied to the remaining convictions because the defendant's parole status was proven beyond a reasonable doubt. We disagree.

¶ 13   Our federal and state constitutions provide that no person shall be put in jeopardy twice for the same criminal offense. U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10. The double jeopardy clause provides three categories of protection for a defendant, namely (1) protection against a second prosecution after an acquittal for an offense; (2) protection from a second prosecution after a conviction; and (3) protection against multiple punishments for the same offense. *People v. Gray*, 214 Ill. 2d 1, 6 (2005); *People v. Dinelli*, 217 Ill. 2d 387, 403 (2005). It is well settled that, once attached, double jeopardy precludes re-prosecution following a court-decreed acquittal, even if the acquittal is based upon an erroneous foundation. *Evans v. Michigan*, 568 U.S. ___, ___, 133 S. Ct. 1069, 1074 (2013) (quoting *Fong Foo v. United States*, 369 U.S. 141, 143 (1962)); *Cervantes*, 2013 IL App (2d) 110191, ¶ 25. Double jeopardy has been found to apply where the acquittal was based upon the court's mistaken

- 4 -

understanding of the evidence necessary to sustain a conviction (*Smith v. Massachusetts*, 543 U.S. 462, 473 (2005)), or where the court misconstrues the statute defining the requirements to convict. *Evans*, 568 U.S. at ___, 133 S. Ct. at 1074 (quoting *Arizona v. Rumsey*, 467 U.S. 203, 211 (1984)).

¶ 14    In *Evans*, the Court held retrial was barred after the trial court granted an acquittal based upon the State's failure to prove an "element" of the offense which, in actuality, it did not have to prove. The Court held that, while the acquittal was clearly predicated upon the trial court's misunderstanding of the law, it was an acquittal nonetheless. An "acquittal" includes any ruling that the State's evidence is insufficient to convict, or "any other" ruling that "relate[s] 'to the ultimate question of guilt or innocence.' " *Evans*, 568 U.S. at ___, 133 S. Ct. at 1075 (quoting *United States v. Scott*, 437 U.S. 82 (1978)); see also *Cervantes*, 2013 IL App (2d) 110191. The Court concluded that, as the trial court's ruling resolved the ultimate question of guilt or innocence, the error bore only upon the accuracy of the determination to acquit but not its essential character. *Evans*, 568 U.S. at 1076.

¶ 15    In this case, there is no dispute that the convictions under counts IV and V were the product of a "second prosecution after an acquittal," so as to be barred by double jeopardy. In initially acquitting the defendant, trial court apparently believed either that his parole status was an element of the UUW offense or that it otherwise had to be proven at trial. Regardless of the basis for the court's decision, or the accuracy of that basis, the court ruled that the State failed to prove the offense of Class 2 UUW beyond a reasonable doubt. The State is therefore precluded under *Evans* from using the defendant's parole status on remand to reestablish Class 2 UUW, as this would amount to a second prosecution for the same offense of which he was already acquitted. We point out that, in rendering this decision, we make no judgment as to whether or not parole status constitutes and "element" of UWW or whether it must be proven at trial beyond a reasonable doubt under section 24-1.1(e). Based upon this determination, we find it unnecessary reach the defendant's alternate arguments, that his concurrent convictions under both Class 2 and Class 3 UUW by a felon violate the one-act, one-crime doctrine, or that his sentencing as a Class X felon relied upon an improper double enhancement.

¶ 16    We next address the defendant's argument that one of his two remaining convictions for UUW must be vacated, where the language of section 24-1.1 does not authorize multiple convictions based upon the possession of a single, loaded firearm. We disagree.

¶ 17    As stated above, section 24-1.1(a) of the Code precludes a person from knowingly possessing "any firearm or any firearm ammunition" if such person has been convicted of a felony. 720 ILCS 5/24-1.1(a) (West 2010). Section 24-1.1(e) renders the "possession of each firearm or firearm ammunition" under this section to be a "single and separate violation" of the section. 720 ILCS 5/24-1.1(e) (West 2010). In *People v. Anthony*, 2011 IL App (1st) 091528-B, we were presented with the same argument the defendant raises here, that these sections permit prosecution for possession of a weapon and separate ammunition, but not a weapon loaded with ammunition. We rejected the argument, construing section 24-1.1(e) as clearly and unambiguously allowing for multiple convictions based upon the single act of possessing a firearm containing ammunition. *Id.* We noted that a review of the statute reveals no exception for situations where the ammunition is loaded into the handgun, and refrained from reading such an exception into it. *Anthony*, 2011 IL App (1st) 091528-B (citing *People v. Carter*, 213 Ill. 2d 295, 301 (2004)).

¶ 18    The defendant urges that we decline to follow *Anthony*, and instead refers us to the supreme court's decision in *Carter*, 213 Ill. 2d 295, and the legislative history of section 24-1.1(e). We are not persuaded by the defendant's argument. Section 24-1.1(e) was amended in 2005, in response to *Carter*, in order to alleviate an ambiguity in the statute as found by that court. The amendment added the sentence that possession of "each firearm or firearm ammunition" would constitute a "single and separate violation" under the section. We are persuaded by the reasoning in *Anthony*, that the amendment expressly authorized multiple convictions for a defendant possessing a gun containing ammunition. See *Anthony*, 2011 IL App (1st) 091528-B, ¶ 17. The defendant's interpretation of the legislative intent would produce an absurd result by leading to "greater punishment for a felon who possessed an unloaded firearm and separately possessed firearm ammunition than would result for a felon who possessed a loaded firearm." *Anthony*, 2011 IL App (1st) 091528-B, ¶ 16. Accordingly, we do not disturb the defendant's remaining two convictions for UUW.

¶ 19    Last, the defendant seeks an adjustment of the fines and fees imposed by the trial court. Specifically, he contends that the court erred in imposing a $5 electronic citation fee under section 27.3(e) of the Clerks of Courts Act (705 ILCS 105/27.3(e) (West 2012)), and in failing to offset his fees in the amount of $80 reflecting credit for time served in pre-sentence custody as mandated under section 110-14(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-14(a) (West 2012)). The State has conceded these issues, and accordingly, the circuit court is directed to reduce the defendant's assessed fees by $85 to correct these errors.

¶ 20    The defendant also contends that court improperly assessed a $25 court services fee because the offenses of which he was convicted do not fall within those enumerated under the statute. See 55 ILCS 5/5-1103 (West 2012). We disagree. Construing the plain language of the section as a whole, it is clear that the court must assess the court services fee in criminal cases resulting in conviction. *People v. Williams*, 2011 IL App (1st) 091667-B, ¶ 18. In this case, judgments of conviction were entered against the defendant making him eligible for the court services fee.

¶ 21    For the foregoing reasons, we reverse the judgments of conviction and vacate the sentences for two counts of Class 2 UUW under section 24-1.1(e), and affirm the defendant's remaining convictions. We remand this case for resentencing and for readjustment of the fees and costs in accordance with this opinion.

¶ 22    Affirmed in part, reversed and vacated in part, and remanded with directions.