2020 IL App (2d) 180104-U
No. 2-18-0104
Order filed December 10, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 07-CF-2510 |
| JOSE ALEJANDRO-SEPULVEDA, | ) ) | Honorable Daniel B. Shanes, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices Hutchinson and Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The record refuted defendant's contention that the trial court granted defendant leave to file his successive postconviction petition, thus docketing it for second-stage review, and then later, without appointing counsel, revisited the grant of leave to file.

¶ 2    Defendant, Jose Alejandro-Sepulveda, appeals the judgment of the trial court denying him leave to file a successive postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2012)) in connection with his conviction of first-degree murder (720 ILCS 5/9-1(a)(2) (West 2006)).  He contends that the trial court originally granted him leave to

file the petition but then erred when, without appointing him counsel, it revisited its decision granting leave.  We affirm.

¶ 3                                    I. BACKGROUND

¶ 4      Following a jury trial, defendant was convicted of first-degree murder and sentenced to 28 years' incarceration.  We affirmed defendant's conviction on direct appeal.  *People v. Sepulveda*, 2012 IL App (2d) 101305-U.  Defendant subsequently filed a petition under the Act, alleging that he was denied the right to effective assistance of counsel and that his due process rights were violated.  The trial court summarily dismissed the petition, and we affirmed.  *People v. Sepulveda*, 2014 IL App (2d) 130714-U.

¶ 5      On May 30, 2017, defendant filed a *pro se* motion for leave to file a successive postconviction petition, which he attached to the motion.  The motion was docketed on June 1, 2017, and a status date was set for June 14, 2017.  On that date, the State appeared and noted that defendant had moved for leave to file a successive postconviction petition.  The court then stated:

> "As you say, the Defendant just sent among other things what he styled a Petition for Leave to File Successive Post-Conviction Petition.
>
> We do have a copy.  All right.
>
> The Court will look over the Defendant's pleadings.  Give leave to file a Successive Post-Conviction Petition.  There already has been one.
>
> The Court is frankly buried in other matters, including initial Post-Conviction Petitions that have a 90-day timeline.
>
> So this matter will be set to[.]"

This last line was the last line reported on that page of the transcript, and the next page is not in the record.  A docket entry from June 14, 2017, states simply that the matter was continued to

September 20, 2017. Nothing in the entry suggests that the court granted defendant's motion for leave to file.

¶ 6     On September 20, 2017, the State appeared and stated, "I'm told there is a motion for leave to file a successive post-conviction petition which is pending." The court replied, "There is. Court's begun looking at it, will continue to do so. Frankly, the court's just buried in [*sic*] first stage post-conviction petition with a 90 day deadline so court's [*sic*] has to take some priority." The court set the matter for December 21, 2017, for status.

¶ 7     On December 21, 2017, the court stated that the matter before it was defendant's motion for leave to file a successive postconviction petition and that the court "finally had the opportunity to complete reviewing that." The court found that defendant failed to show a sufficient basis to file the successive petition and denied defendant leave to file. The court also entered a written order denying the motion. In the order, the court discussed the grounds on which a defendant may be granted leave to file a successive postconviction petition and then explained how defendant failed to establish any of those grounds. The corresponding docket entry also noted that leave to file the successive petition was denied.

¶ 8     Defendant appeals.

¶ 9                              II. ANALYSIS

¶ 10    Defendant argues that, on June 14, 2017, the trial court granted him leave to file his successive postconviction petition but then failed to appoint counsel for him before revisiting, on December 21, 2017, the issue of leave to file. In support of his claim that the court originally granted him leave to file, defendant points to the court's remarks on June 14, 2017, that it would "look over the Defendant's pleadings. Give leave to file a Successive Post-Conviction Petition." Defendant argues that the remarks effectively trumped any later written orders. See *People v.*

*Lewis*, 379 Ill. App. 3d 829, 837 (2008) ("When a trial court's oral pronouncement conflicts with its written judgment, the oral pronouncement controls"). Thus, defendant argues that the court, having granted him leave to file, was then required to appoint counsel before revisiting the issue of leave to file.

¶ 11    The Act allows a defendant to file only one petition without leave of court. 725 ILCS 5/122-1(f) (West 2018); *People v. Sanders*, 2016 IL 118123, ¶ 24. To obtain leave to file a successive petition, the defendant must show either cause and prejudice or a fundamental miscarriage of justice based on actual innocence. 725 ILCS 5/122-1(f) (West 2018); *Sanders*, 2016 IL 118123, ¶ 24. "When *** the trial court grants a defendant leave to file a successive postconviction petition, the petition is effectively advanced to the second stage of postconviction proceedings." *People v. Johnson*, 2019 IL App (1st) 153204, ¶ 32. See *Sanders*, 2016 IL 118123, ¶¶ 25, 28 (successive petition that presents grounds for leave to file is docketed for second-stage proceedings). At that time, the trial court is required to appoint counsel for an indigent defendant. 725 ILCS 5/122-4 (West 2016). At the second stage, the trial court may revisit whether defendant established grounds for leave to file. *People v. Bailey*, 2017 IL 121450, ¶ 26.

¶ 12    The trial court's oral remark on June 14, 2017, "Give leave to file a Successive Post-Conviction Petition," was by all appearances simply the court's restatement of the relief requested by defendant. Indeed, immediately before that statement, the court said that it would "look over the Defendant's pleadings" (presumably, both the motion to leave and the petition), implying that it had not already done so. The remaining record is devoid of anything suggesting that leave to file was granted on June 14. All docket entries before December 21, 2017, continued the matter with no mention of granting defendant's motion. On September 20, 2017, the court remarked that defendant's motion for leave to file was "pending" and that the court had begun to look at it. This

clearly showed that the court had not yet ruled on the motion. Not until three months later, on December 21, did the court expressly state that it was denying the motion for leave to file. The court's written order entered that day explained the standards for granting leave to file a successive postconviction petition and detailed how defendant's motion did not satisfy those standards. Thus, the record, taken as a whole, refutes defendant's claim that the court initially granted the motion for leave and later revisited the issue.

¶ 13    We note that defendant does not substantively challenge the trial court's finding on December 21, 2017, that he failed to establish grounds for leave to file his successive petition. Accordingly, we affirm the denial of the motion for leave to file.

¶ 14                                III. CONCLUSION

¶ 15    For the reasons stated, the judgment of the circuit court of Lake County is affirmed.

¶ 16    Affirmed.